**HENRY M. WALLACE, as Executor, etc., et al., v. CLAUDE J. LUX-MOORE, et al.**

24 So. (2nd) 302                                    June Term, 1945
January 4, 1946                                    Special Division A

*Whitaker Brothers,* for Henry M. Wallace, as Executor-Trustees, *J. J. Lunsford* and *Alton T. Peacock,* for Olivet and Berea Colleges, petitioners.

*Bussey, Mann & Simmons* and *J. Lewis Hall,* for respondents.

TERRELL, J.:

William H. Hill died testate in July 1929. In his will he provided (1) for the payment of annuities to a host of relatives and friends, (2) The creation of a trust fund of $500,000 and for distribution of the income therefrom among his heirs at law, (3) The creation of two charitable trusts, of not less than $250,000 out of the remainder of his estate for the promotion of education at Berea and Olivet Colleges.

The will was duly admitted to probate in Pinellas County, the executors qualified and administered their duties under the will until 1937 without having paid the annuities in full or having created the trusts as provided by (2) and (3) of the preceding paragraph. On account of differences between the executors and the beneficiaries the executors brought suit in the circuit court for the construction of the will and a determination of the rights and duties of the executors and the beneficiaries thereunder. The circuit court held that the trust fund of $500,000 created by the will was void and that the beneficiaries were limited to the income from bonds held by the estate. On appeal this court reversed the lower court holding the trust fund valid and the annuities payable in full regardless of any deficiency in the income earned by the bonds. Luxmoore v. Wallace, 145 Fla. 325, 199 So. 492.

This suit was brought August 16, 1945 by the beneficiaries against the executors. The bill of complaint recited the foregoing facts, demanded payment of interest on delayed annuities, creation of the trusts and in other respects, compliance with the decree of the circuit court. The second amended bill of complaint charged that the executors were selling portions of the real estate belonging to the trusts and that the beneficiaries were entitled to delayed income therefrom as provided by Section 690.12, Florida Statutes 1941. It was further charged that the executors had in their possession bonds in the amount of $373,007.82, which they are retaining for the purpose of paying annuities and that they propose to divert a large portion of the real estate sales to that purpose. It was also shown that the administration of the estate is substantially completed and that the executors of the estate who are the administrators have no further duty as such except payment of the annuities, that the continuation of their policy hinders the attainment of the objects of the will, exposes the estate to unnecessary expense, defeats the creation of the trusts and in other respects frustrates the purpose of the will. The second amended bill prays judgment for annuities, that administration in the probate court be closed and the estate turned over to the trustees, to be administered as a trust by the circuit court. A motion to dismiss was overruled and that order is here for review by certiorari under Rule 34 of the rules of this court.

The controlling question for determination may be stated as follows; Under the facts detailed has a court of equity the power to assume jurisdiction of the estate, direct that administration under the probate court, be closed and administer it as a trust fund or trust estate.

The executors contend that this question must be answered in the negative because they say the probate court is the only forum provided under the law with facilities to handle the complex problems arising in the administration of such an estate, and that the corcuit court is without power to grant adequate relief.

We find no support for this contention. Section 11 of Article Five of the Constitution provides that the circuit

courts shall have "Exclusive original jurisdiction of all cases in equity and . . . supervision and appellate jurisdiction of matters arising before county judges pertaining to their probate jurisdiction, or to the estates and interests of minors." This court has repeatedly held that the circuit courts as courts of equity have jurisdiction in cases where as in this the probate court cannot administer such relief as will give complete and adequate justice. Opitz v. Morgan, 68 Fla. 469, 67 So. 67; Allen v. Allen, 111 Fla. 733, 150 So. 237; Cole v. Cole, 106 Fla. 226, 143 So. 235; Henderson v. Ewell, 111 Fla. 324, 149 So. 372.

In the case at bar the will brought in question provides for the creation of two trusts that are distinctly equitable in nature and it is shown that the provision for paying annuities has been in operation for sixteen years to the exclusion of both trusts. The bill also shows that the condition of the estate is such that consideration should be given to these trusts, and since under our Constitution, circuit courts are clothed with exclusive equitable jurisdiction and probate courts have no such power, it is proper for a court of equity to intervene. The probate court has, in other words, demonstrated its inability to adequately administer the estate.

But it is contended that such a holding collides with Crosby v. Burleson, 142 Fla. 443, 195 So. 202, Pournelle v. Baxter, 142 Fla. 517, 195 So. 163, Tyre v. Wright, 144 Fla. 90, 197 So. 846 and similar cases. A sufficient answer to this contention is that in matters pertaining to the administration of estates the power of a court of equity may be invoked when adequate relief cannot be secured in the probate court.

It is quite true that in the cases last cited we held that the 1933 Probate Act, Chapter 16103, gave county judges exclusive jurisdiction in all matters pertaining to the administration of estates, but such a grant of power does not necessarily cover the administration of a trust estate that is by its very nature equitable, and has lain dormant for sixteen years because of inability or lack of power on the part of the probate court to handle it. No such situation existed in Crosby v. Burleson and that line of cases.

The instant case arose prior to the 1933 probate act, but if it had arisen subsequent thereto the cases treating it were

controlled by factors so different from those here that they would not be res adjudicata as to this case. Stare decisis and res adjudicata are perfectly sound doctrines, approved by this court, but they are governed by well settled principles and when factual situations arise that to apply them would defeat justice we will apply a different rule. Social and economic complexes must compel the extension of legal formulas and the approval of new precedents when shown to be necessary to administer justice. In a democracy the administration of justice is the primary concern of the State and when this cannot be done effectively by adhering to old precedents they should be modified or discarded. Blind adherence to them gets us nowhere.

Still another reason for invoking relief in equity is that a very important part of the relief sought pertains to the enforcement of testamentary trusts which are peculiarly equitable in nature, the probate court does not have jurisdiction of such trusts nor power to compel the trustees to proceed to execute them. The condition of the assets of the estate are such that they can be more effectively administered by a court of equity. The fact that no attempt was made to set up the testamentary trusts for sixteen years would seem ample to invoke equity. Economy, facility in administration, in fact, every consideration supports the policy of administration by a court of equity.

It is last contended that petitioners seek to change the method of paying the annuities and to dispose of the trust funds contrary to that contemplated by the will. There is no merit to this contention. The amended bill of complaint seeks no charge in any provision of the will nor does it seek to deprive petitioners of any right whatever. The primary theory of the respondents, as we glean it is that there is enough in the estate, if properly managed to pay the annuities and set up both the trusts and that by centralized authority and judicious management all can begin to participate in the bequests for them.

We are accordingly convinced that the second amended bill of complaint is ample to invoke the jurisdiction of a court of equity, that such a court has ample power to require the

payment of annuities and to direct the administration of the trust estates as contemplated by the will.

It follows that the application for certiorari must be and is hereby denied.

CHAPMAN, C. J., BUFORD and SEBRING, JJ., concur.