283 So.2d 97 (1973)
Joann Blaisdell deCANCINO, Petitioner,
v.
EASTERN AIRLINES, INC., and Continental Insurance Company, Respondents.
No. 43242.
Supreme Court of Florida.
September 13, 1973.
Granville H. Crabtree, Jr., Crabtree, Butler, Syprett, Meshad & Seay, Sarasota, for petitioner.
R.E. Hodges, Miller & Hodges, Coral Gables, for respondents.
BOYD, Justice.
This cause is before us on petition for Writ of Certiorari to the Florida Industrial Relations Commission.
Petitioner deCancino filed her claim for compensation in Florida on September 25, 1968, while a compensation claim arising from the same injury was pending in New York. In both cases, benefits were sought in addition to the temporary total disability she had already been awarded in New York. On April 18, 1969, the Judge of Industrial Claims dismissed petitioner's claim on the ground that the New York claim was pending at the time the Florida claim was filed. The Full Commission affirmed. On petition for Writ of Certiorari, this Court reversed on the basis that the New York claim had been dismissed by the time the Judge of Industrial Claims had issued his order.[1]
*98 A final hearing was held on petitioner's Florida claim on May 5, 1971. The trial judge awarded her some of the benefits sought and denied others. Her claim for compensation for a back condition was denied on the basis that the dismissal of her New York claim "was a decision on the merits and properly found that there was no causal relationship between claimant's back condition and her industrial injury... ." He gave full faith and credit to this decision and denied the claim concerning the back condition, under the doctrine of res judicata.
Both parties appealed the trial judge's decision, but the Commission considered only one point on appeal, raised by respondent. The Commission discussed at length the doctrines of full faith and credit and res judicata and held that:
(1) A New York Compensation Board Notice Of Decision is final and conclusive upon all questions within the jurisdiction of the Board.
(2) Such a decision may be used as a bar to recovery of compensation in another state.
(3) The New York decision was final as to all issues which could properly have been determined, as well as those that actually were.
(4) All the issues raised in the Florida claim could have been litigated under the New York claim.
(5) The parties and the cause of action were identical in both claims; therefore, under the doctrine of res judicata, the Commission erred in awarding petitioner any benefits.
The Commission reversed the trial judge and dismissed the claim.
In point of fact, the evidence in the record relating to the New York decision is limited. The Notice of Decision, itself, states only:
"Decision: Case was closed on previous findings at request of claimant and attorneys. No further claim."
Thus, whether this decision amounted to a final determination on the merits under New York law, or simply a voluntary dismissal, is not clear from the record.
Petitioner argues, inter alia, that the Commission misinterpreted and rendered nugatory our prior decision in this cause. We agree. Our opinion therein addressed itself only to the question of whether petitioner's claim could be dismissed in Florida when no claim remained pending in another state. We did not reach the issue of what the effects of the New York decision were, despite the fact that we had before us all the evidence which was before the trial judge and Commission in this case in determining that the New York decision was res judicata as to part or all of petitioner's claim. Nevertheless, our opinion clearly indicated that we considered the New York decision to be nothing more than a voluntary dismissal. Since we still so consider the New York decision, we are, once again, compelled to reverse the Commission.
Additionally, there is a second reason calling for our reversal of the Commission in this matter. Although the Commission's opinion, in general, is correct in its discussion of res judicata, it did not consider several exceptions or qualifications to the doctrine which would make it inappropriate in this case. Some of these, which should be considered by the Commission upon remand, are:
(a) that the doctrine will not be invoked where it will work an injustice;[2]
(b) that it is not applicable to a judgment which might have rested on either of two grounds, only one of which goes to the merits;[3]
(c) that it ordinarily does not apply to voluntary dismissals;[4]

*99 (d) that, generally, the effect of a judgment as res judicata must be determined from the entire record of the case, and not just the judgment itself;[5] and
(e) that the burden of establishing the certainty of the matter formerly adjudicated is on the party claiming the benefit of it.[6]
Accordingly, the petition for Writ of Certiorari is granted, the Order of the Full Commission is quashed, and the cause remanded for further proceedings consistent herewith.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN and ADKINS, JJ., concur.
NOTES
[1] deCancino v. Eastern Airlines, 239 So.2d 15 (Fla. 1970).
[2] 19 Fla.Jur. Judgments and Decrees § 101.
[3] Id. at § 143.
[4] Id. at § 144.
[5] Id. at § 172.
[6] Id. at § 171.