475 So.2d 1332 (1985)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, On Behalf of Barbara WARD, Appellant,
v.
Glenn WYATT, Appellee.
No. 85-9.
District Court of Appeal of Florida, Fifth District.
September 26, 1985.
*1333 Charles Carlton, Lakeland, for appellant.
No appearance for appellee.
ORFINGER, Judge.
The Department of Health & Rehabilitative Services (HRS) appeals from an adverse summary judgment holding that the present action for determination of paternity and for support was barred by application of the doctrine of res judicata. We reverse.
In December 1982, HRS filed an amended two count complaint on behalf of Barbara Ward, plaintiff, against Glenn Wyatt, as defendant, seeking a declaration that Wyatt was the father of Tammy Burks, born out of wedlock to Barbara Ward on August 20, 1970. The complaint alleged the child was receiving public assistance and that HRS was subrogated to the support rights of the child pursuant to section 409.2561, Florida Statutes (1981). Count I prayed for a determination that Wyatt was the father of the child, that he be ordered to pay child support and that such payments be made to HRS until such time as the child was no longer receiving public assistance. Count II was almost identical to Count I, but was stated to be "an action for child support," brought on behalf of the minor child, Tammy Burks.
Wyatt answered the complaint and asserted the affirmative defense of res judicata. In April 1970, before the child was born, Barbara Ward filed an action against Glenn Wyatt under Chapter 742, Florida Statutes, alleging that she was unmarried and pregnant, and that Wyatt was the father of her unborn child. She requested a declaration of paternity, an award of hospital and medical fees for the forthcoming birth of the child, and child support after the birth of the child. After the child was born, a stipulation that the cause be dismissed with prejudice, signed by counsel for both parties, was presented to the trial judge. Based on the stipulation, the trial court dismissed the 1970 action "with prejudice." Nothing more is revealed to us in this record about the earlier case. On the basis of the earlier order of dismissal, the trial court in this case held that the current action was barred by application of the doctrine of res judicata, and entered the summary judgment appealed from.
No issue has been raised before us as to the correctness of the determination that the principle of res judicata bars this action by or on behalf of the mother.[1] But whatever effect the earlier dismissal had on the right of the mother to bring this action, an issue we do not decide, it did not affect the rights of the child. An illegitimate child has an independent right to support from its father. The mother merely serves as a conduit for such support benefits due the child, thus, the mother cannot contract away the child's rights or release the father from his obligation to support the child. State, Department of Health and Rehabilitative Services v. West, 378 So.2d 1220 (Fla. 1979); Gammon v. Cobb, 335 So.2d 261 (Fla. 1976). In addition to the right of support, the child has other interests, such as the right to be an heir of its natural father, and thus has rights independent of the mother's which can be adjudicated by an action for paternity. While Chapter 742 has been construed to be the exclusive means by which the mother may seek a declaration of paternity, it is not the exclusive remedy by which the interests of the father or of the child *1334 may be determined, otherwise the rights of the father or of the child could be foreclosed by the failure of the mother to bring an action under the statute. See Kendrick v. Everheart, 390 So.2d 53 (Fla. 1980).
Because the child was not a party to the 1970 action, her rights were not affected by the judgment entered therein and are not barred by res judicata. In order for res judicata to bar a suit, four identities must be present:
(1) Identity of the thing sued for;
(2) Identity of the cause of action;
(3) Identity of persons and parties;
(4) Identity of the quality or capacity of the persons for or against whom the claim is made.
Husky Industries, Inc. v. Griffith, 422 So.2d 996 (Fla. 5th DCA 1982). Here, the parties are different as is the quality or identity of the persons for whom the claim is made. Thus two of the identities are missing.
Because it is alleged that the child is receiving public assistance, HRS is subrogated to the rights of the child "... to prosecute or maintain any support action or action to determine paternity ... to obtain reimbursement of public assistance paid, being paid or to be paid." § 409.2561(4), Fla. Stat. (1981). Since the principle of res judicata does not bar the child's action, it does not bar the subrogated right of HRS under the statute. It was thus error to enter a summary judgment against HRS. We note, however, that the child has not been made a party to this action in her own right, so that her rights, independent of any subrogated rights of HRS, cannot be adjudicated. Because she is still a minor, her joinder in this action on her own behalf must be through a legal representative or by her next friend or a guardian ad litem. See Fla.R.Civ.P. 1.210(b).
The summary judgment is reversed insofar as it applies the principles of res judicata to any rights of the child, Tammy Burks, or to the subrogated rights of HRS through the child, and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
COBB, C.J., and COWART, J., concur.
NOTES
[1] Because that issue is not raised, we do not address it. There is no way to determine from the record before us if the earlier dismissal was a voluntary dismissal or a dismissal on the merits. Cf. de Cancino v. Eastern Airlines, Inc. 283 So.2d 97 (Fla. 1973); North Shore Realty Corp. v. Gallaher, 99 So.2d 255 (Fla. 3d DCA 1957).