## STATE OF FLORIDA, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, o/b/o HALL v O'MEARA

### Case No. 87-1718-DR-01

Twelfth Judicial Circuit, Sarasota County

August 5, 1987

**APPEARANCES OF COUNSEL**

**Susan J. Anger** for petitioner.

**Michael L. Resnick** for respondent.

### OPINION OF THE COURT

BECKY A. TITUS, Circuit Judge.

## ORDER DENYING MOTION FOR PHYSICAL EXAMINATION

THIS CAUSE was heard before the court. On the evidence presented, the court finds as follows:

Karen J. Hall and Daniel R. O'Meara, previously husband and wife, were divorced on April 9, 1986. The final judgment of dissolution of marriage incorporated the terms of a separation and property settlement agreement signed by the parties. This agreement stipulated at paragraph 9 that, although Karen Hall was pregnant, Daniel O'Meara was not the father of the child and he ". . . shall have no legal duty to provide support . . . because this child is neither his natural nor his adopted child. . . ."

Subsequent to the divorce and after the birth of the child (David), Karen Hall applied for and began receiving public assistance from the petitioner (HRS). In conjunction with her application, she signed an affidavit of paternity in which she claimed that Daniel R. O'Meara was the father of David Hall. HRS thereupon filed a petition to determine paternity and moved to compel Daniel O'Meara to submit to a Human Leukocyte Antigen (HLA) test under § 742.12, Fla. Stat. (1986). It is this motion which O'Meara contests under several legal theories. The court finds that one theory - res judicata - it dispositive of the motion.

In order for res judicata to bar a suit, four identities must be present:

(1) Identity of the thing sued for;

(2) Identity of the cause of action;

(3) Identity of the persons and parties;

(4) Identity of the quality or capacity of the persons for or against whom the claim is made.

*Department of Health & Rehabilitative Services on Behalf of Barbara Ward v. Wyatt*, 475 So.2d 1332 (Fla. 5th DCA 1985). As to 3 and 4 above, HRS argues that it's paternity action is brought on behalf of the child under § 409.1561, Fla. Stat. (1985). Therefore, there is no identity of the parties or quality as between the divorce and paternity proceedings.

The problem with HRS' argument is that the paternity petition is brought on behalf of (o/b/o) Karen J. Hall and not as subrogee to the rights of David Hall. It is, therefore, clear that both suits have identical parties and quality. This case is similar to *Department of Health & Rehabilitative Services v. Chambers*, 472 So.2d — (Fla. 2d DCA 1985) and *Department of Health & Rehabilitative Services Office of Child Support Enforcement v. Wright*, 498 So.2d 1008 (Fla. 2d DCA 1986)

**67**

and distinguishable from *Department of Health and Rehabilitative Services, on behalf of Barbara Ward v. Wyatt, supra,* wherein HRS sued on behalf of the dependent child.

Upon the foregoing, it is

ORDERED AND ADJUDGED that the motion for physical examination of Daniel R. O'Meara is denied.

DONE AND ORDERED in chambers this 5th day of August, 1987, Sarasota, Florida.