PER CURIAM.
The Department of Health and Rehabilitative Services appeals from the trial court’s order dismissing its complaint with prejudice and barring any claim from being asserted against Malachi Bell in connection with the paternity of a minor child. We reverse the trial court’s order to the extent that it binds persons who are not parties to this action. We affirm the order, however, in all other respects.
The trial court exceeded its authority when it dismissed HRS’ complaint filed on behalf of the minor child with prejudice “to any future action being filed against this defendant [Bell] for paternity of this child.” See Department of HRS v. Wyatt, 475 So.2d 1332 (Fla. 5th DCA 1985). The quoted language is capable of being construed to bind persons not parties to the instant action. See Chastain v. Uiterwyk, 462 So.2d 1212 (Fla. 2d DCA 1985) (a court cannot make its decree binding upon a non-party).
Accordingly, we remand this matter for the entry of an order consistent with this opinion.
SCHEB, A.C.J., and FRANK and HALL, JJ., concur.