STONE, Judge.
Appellant sought a determination of paternity and child support. In the course of litigation, a dispute arose concerning whether the case had been settled by an exchange of communications between the parties. The trial court found that there had been an offer and acceptance, and that there was no public policy in Florida prohibiting a parent from contracting away an “inchoate” right of an illegitimate child to support prior to a determination of paternity-
The right of an illegitimate child to support, and the right to have a trial court determine the best interest of that child cannot be contracted away. Cf. Gammon v. Cobb, 335 So.2d 261 (Fla.1976); Department of Health and Rehabilitative Services v. Wyatt, 475 So.2d 1332 (Fla. 5th DCA 1985); Rogers v. Runnels, 448 So.2d 530 (Fla. 5th DCA), rev. denied, 461 So.2d 115 (Fla.1984); Coleman v. Mackey, 424 So.2d 170 (Fla. 3d DCA 1983); Shinall v. Pergeorelis, 325 So.2d 431 (Fla. 1st DCA 1975). There is no policy reason to apply a separate principle where the trial court has not yet ruled on the paternity claim. Cf. Kendrick v. Everheart, 390 So.2d 53 (Fla.1980); State, Department of Health and Rehabilitative Services v. West, 378 So.2d 1220 (Fla.1979); Gammon v. Cobb, 335 So.2d 261 (Fla.1976); Walker v. Walker, 266 So.2d 385 (Fla. 1st DCA 1972).
The trial court erred in determining that the issue of paternity was moot. We therefore reverse and remand for further proceedings.
DOWNEY and DELL, JJ., concur.