530 So.2d 370 (1988)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, OFFICE OF CHILD SUPPORT ENFORCEMENT, On Behalf of Richard Wayne Ricks and Brian Lee Ricks, Appellant,
v.
Jimmy Lewis RICKS, Appellee.
No. 87-2901.
District Court of Appeal of Florida, Second District.
August 5, 1988.
*371 Harold E. Barker and Charles L. Carlton of Carlton & Carlton, P.A., Lakeland, for appellant.
No appearance for appellee.
THREADGILL, Judge.
Appellant moved for rehearing of our decision that a prior determination of paternity in favor of a putative father barred a subsequent suit by the children. Appellant alleges the decision of this court conflicts with Florida Department of Health and Rehabilitative Services v. Wyatt, 475 So.2d 1332 (Fla. 5th DCA 1985). We disagree.
In Wyatt, after filing an action against the alleged father, the mother stipulated that the case be dismissed with prejudice. Based on the stipulation, the trial court dismissed the action with prejudice. The appellate court subsequently found that the child's rights were not affected by the previous judgment and that res judicata did not bar the subrogated claim of HRS. Wyatt is distinguishable from the present case because it did not involve an adjudication on the merits.
In addition, appellant contends that this court misinterpreted the language of section 742.011, Florida Statutes (1987). That section provides:
Any woman who is pregnant or has a child, any man who has reason to believe that he is the father of a child, or any child may bring proceedings in the circuit court in chancery, to determine the paternity of the child when paternity has not been established by law or otherwise.
We find that the plain language of section 742.011 provides for an action by the child or other party only when there has not been a prior adjudication. In the paternity action brought by the mother on the behalf of these same children, a final judgment was entered finding the evidence insufficient to establish paternity. We do not find that the statute allows HRS, on the children's behalf, to now file another paternity action several years after a judicial determination that appellee was not the father of these children. Therefore, we affirm the trial court's dismissal of this action.
AFFIRMED.
RYDER, A.C.J., and HALL, J., concur.