PER CURIAM.
Tomasa Hernandez appeals from a non-final order of the trial court which granted Marsarm Corporation’s motion for partial summary judgment for a writ of possession in an action to eject Hernandez and her son, Alberto Sarmiento, Jr., from the townhouse in which they have lived for ten years.
The suit for ejectment is but one of a series of lawsuits between the parties. The factual history, taken in the light most favorable to Hernandez as the nonmoving party, is as follows:
Alberto Sarmiento created Marsarm in 1965. The original shareholders were his wife, Maria, his sister, and a sister-in-law.[1] Alberto and Maria deeded the townhouse at issue in this case to Marsarm in 1969 for no consideration. The townhouse was leased back to Alberto and Maria in January, 1976 on a 99-year lease for which the rental price was $100.00 per quarter. Alberto used the townhouse as his home and office.
Maria died in 1977. At some later time, Alberto and Tomasa Hernandez began a relationship and she became pregnant. Alberto acknowledged the child and the couple made plans to marry, including having premarital blood tests. On April 23, 1981, before Alberto and Tomasa were married, Alberto was murdered in front of the townhouse. Their child, Alberto Sarmiento, Jr., *915 was born in August. A subsequent action for paternity determined that Alberto, Jr. was the natural child and heir at law of Alberto Sarmiento. Tomasa and Alberto, Jr. have continued to live in the townhouse since 1981.
The first lawsuit against Marsarm was filed in 1981 by Paulina Monte De Oca, the daughter of Alberto and Maria, as personal representative of Alberto’s estate, and by Tomasa Hernandez on behalf of herself and Alberto, Jr. (as yet unborn). The complaint alleged that Marsarm was created by Alberto for the purpose of shielding his assets from the reach of creditors. The suit requested the court to declare the assets of Marsarm to be assets of Alberto’s estate with the plaintiff heirs as the beneficial owners. This complaint was later dismissed with prejudice for failure to amend. The order recites that the dismissal was for “[pjlaintiff’s failure to act by order of the court.” Order, March 26, 1982.
In 1985, Paulina filed another complaint against Marsarm raising the same allegations. That complaint was dismissed as barred by res judicata. This court affirmed the dismissal. Montes De Oca v. Marsarm Corp., 502 So.2d 1015 (Fla. 3d DCA 1987). Tomasa and Alberto, Jr. were not parties to the 1985 lawsuit, although Paulina filed the complaint as personal representative of the estate.
Meanwhile, Tomasa and Alberto, Jr. continued to reside in the townhouse. In 1988 Marsarm filed suit against Tomasa for ejectment. She answered and raised affirmative defenses, one of which was that Marsarm was not the beneficial owner of the townhouse. In substance it was argued that Alberto, Jr. was the beneficial owner of the townhouse as the heir of the true owner, Alberto Sarmiento. During the course of the litigation, the trial court appointed a guardian ad litem to represent Alberto, Jr. It was the guardian who discovered the 99-year lease. When the guardian ad litem raised the possibility that Alberto, Jr. might have some rights to possession under the lease, Marsarm gave 30 days notice of termination of the lease to the guardian.
While Tomasa raised several affirmative defenses before the trial court, the one remaining for our resolution is Mar-sarm’s claim that the affirmative defense that Alberto, Jr. is the beneficial owner of the townhouse is barred by the doctrine of res judicata. Marsarm argues that the dismissal of the 1981 complaint pursuant to Rule 1.420(b), Florida Rules of Civil Procedure, for failure to amend forever settled the claims of constructive trust and beneficial ownership. Under Rule 1.420(b) then existing, a dismissal operated as a dismissal with prejudice unless the order otherwise specified, Fla.R.Civ.P. 1.420(b) (1982).[2] As stated in AGB Oil Co. v. Crystal Exploration & Production Co., 406 So.2d 1165, 1167 (Fla. 3d DCA 1981), review denied, 413 So.2d 875 (Fla.1982):
The law is well settled that when a fact, an issue or a cause of action has been decided by a court of competent jurisdiction, neither of the parties involved shall be allowed to call into question and reliti-gate the thing decided, so long as the judgment or decree stands unreversed. This principle of res judicata applies as well to default judgments, and to issues raised as a defense, (citations omitted)
The 1981 lawsuit asked the court to impose a constructive trust on the assets of Alberto Sarmiento because those assets should be deemed to be part of his estate and his heirs were the beneficial owners of those assets. Tomasa was a party plaintiff in that suit and Marsarm was the defendant. In the instant action, while Tomasa was the defendant and Marsarm was suing on a different cause of action, the claim that Tomasa raised as an affirmative defense, that Alberto, Jr. was a beneficial owner of the townhouse as an asset of the estate, was the same claim that was dismissed with prejudice in the 1981 lawsuit. Thus, the trial court was correct in ruling that the doctrine of res judicata would ap *916 ply to preclude the litigation of the affirmative défense.
Having said this, however, we note the Florida Supreme Court’s holding that “the [res judicata] doctrine will not be invoked where it will work an injustice... deCancino v. Eastern Airlines, Inc., 283 So.2d 97 (Fla.1973) (footnote omitted); see also Universal Construction Co. v. City of Fort Lauderdale, 68 So.2d 366, 369 (Fla.1953) (“Indeed, this very Court, among others, has announced the salutary principle that the doctrine of res judicata should not be so rigidly applied as to defeat the ends of justice.”); Wallace v. Luxmoore, 156 Fla. 725, 24 So.2d 302, 304 (1946) (“Stare decisis and res ajudicata are perfectly sound doctrines, approved by this court, but they are governed by well-settled principles and when factual situations arise that to apply them would defeat justice we will apply a different rule.”); Flesche v. Interstate Warehouse, 411 So.2d 919, 924 (Fla. 1st DCA 1982).
While we are exceedingly aware of the need for finality and repose in litigation, we are confronted here with a rare and compelling situation. It is the recognized public policy of this state that children be provided support. See generally Chapter 61, Florida Statutes, and specifically § 61.14 (Enforcement and modification of support, maintenance or alimony agreements or orders), § 61.17 (Alimony and child support; additional method for enforcing orders and judgments; costs and expenses); § 61.30 (Child support guidelines); see also § 88.012 (“It is declared to be the public policy of this state that this act shall be construed and administered to the end that children residing in this or some other state shall be maintained from the resources of responsible parents, ... thereby relieving, at least in part, the burden borne by the custodial parent or the general citizenry through public assistance programs.”); Ard v. Ard 414 So.2d 1066, 1067 (Fla.1982) (“Further, this court has recognized the duty of parents to nurture, support, educate and protect minor children and a child has a right to enforce the discharge of this duty.”); Finn v. Finn, 312 So.2d 726, 730 (Fla.1975) (same); Kern v. Kern, 360 So.2d 482, 484 (Fla. 4th DCA 1978) (“The duty to provide support for a minor child is based upon the child’s incapacity, both natural and legal, and its consequent need for protection and care.”).
It is undisputed that the child is the child of Alberto, Sr., and that he has lived in the townhouse — the father’s former home— from birth. Reading the record in the light most favorable to the appellant as the non-moving party on summary judgment, the record reveals that the townhouse was conveyed to Marsarm without consideration, and held for the benefit of Alberto, Sr. The child's mother is employed as a domestic worker, and neither mother nor child have assets of any substance. The effect of affirming the judgment will be to deprive a child of needed support for the remainder of his minority, while bestowing a gift on Marsarm and its shareholders. Assuming those to be the facts, we think the case falls within the manifest injustice exception set forth above.
Should those facts be established at trial, then the trial court has the latitude to fashion appropriate relief for the minority of the child.
We therefore reverse the summary judgment and remand for further proceedings consistent herewith.

. The sister-in-law became the sole shareholder of Marsarm Corporation shortly after Alberto’s murder.

. This was not true if the dismissal was for lack of jurisdiction, improper venue, or lack of an indispensible party. Id.