SHIVERS, Senior Judge.
Appellant, the Department of Health and Rehabilitative Services (HRS), appeals the trial court’s order granting appellee’s motion to dismiss a paternity action against him and granting his request to assess a reasonable attorney’s fee and taxable costs against HRS, pursuant to section 57.105, Florida Statutes. We reverse and remand for further proceedings.
Acting as next friend and on behalf of Donald Griffin, a minor, in May 1992, HRS filed a complaint against appellee, pursuant to section 742.011, Florida Statutes, to determine paternity and establish support. Attached to the complaint was a paternity affidavit, signed by Mary Saulters, the *242 mother of the minor, attesting that only appellee could be the father of the child.
Appellee moved to dismiss the complaint and requested that he be awarded attorney’s fees and costs because a 1980 judgment of the Circuit Court of Okaloosa County, which is contained in the record, shows that a complaint for paternity determination against appellee, filed by Mary Saulters and HRS, resulted in judgment being rendered in favor of appellee when that complaint was dismissed with prejudice. In granting appellee’s motion to dismiss and dismissing this action, the trial judge relied upon the decision in Department of Health and Rehabilitative Services v. Ricks, 530 So.2d 370 (Fla. 2d DCA1988), in which the court affirmed the dismissal of a paternity action brought by the children, In that case, the court found that a previous paternity action brought by the mother on behalf of the same children had resulted in a final judgment being entered finding the evidence insufficient to establish paternity. On that basis, the court distinguished the decision in Department of Health and Rehabilitative Services v. Wyatt, 475 So.2d 1332 (Fla. 5th DCA1985), and found that, on those facts, the action by the children was barred.
In Wyatt, HRS filed a complaint on behalf of the mother, seeking a declaration that Wyatt was the father of the child and seeking child support on behalf of the minor child. Twelve years previously, the mother had filed an action against the father seeking a declaration of paternity but that action had ended in a stipulation that the cause be dismissed with prejudice and the trial court had dismissed that action with prejudice. In the later action, Wyatt asserted the affirmative defense of res ju-dicata; the trial judge held that the action was barred by application of the doctrine of res judicata and thereupon entered summary judgment in favor of the father. The appellate court reversed, declaring:
Whatever effect the earlier dismissal had on the right of the mother to bring this action, an issue we do not decide, it did not affect the rights of the child. An illegitimate child has an independent right to support from its father. The mother merely serves as a conduit for such support benefits due the child, thus, the mother cannot contract away the child’s rights or release the father from his obligation to support the child. [Citations omitted.] In addition to the right of support, the child has other interests, such as the right to be an heir of its natural father, and thus has rights independent of the mother’s which can be adjudicated by an action for paternity....
Because the child was not a party to the 1970 action, her rights were not affected by the judgment entered therein and are not barred by res judicata.... Here, the parties are different as is the quality or identity of the persons for whom the claim is made.
In the instant case, the 1980 final judgment in the record contains no factual or legal conclusions. It merely orders that judgment is entered in favor of appellee Griffin and that the mother’s complaint is dismissed with prejudice. There is no explanation of the basis of that ruling and the instant record does not contain any other indication as to whether appellee has ever been shown, by sufficient evidence, not to be the father of this child. Recognizing the reasoning in Wyatt, we find that the doctrine of res judicata cannot be applied to bar the minor child’s paternity action in this case. See also Department of HRS v. Bell, 510 So.2d 1207 (Fla. 2d DCA1987) and Siegler v. Wiser, 517 So.2d 124 (Fla. 4th DCA1987). We do not read Ricks as establishing that a child may not bring an action pursuant to section 742.011, Florida Statutes when a final judgment has not been shown to have been entered previously on the merits of the evidentiary question of paternity.
Thereupon, we reverse the order on appeal. We recognize that when the evidence has been found by a prior judgment to be conclusive on the issue of paternity, perhaps, under certain considerations such as collateral estoppel which we do not address here, a later action could be barred.
*243 REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN and WOLF, JJ., concur.