685 So.2d 1000 (1997)
STATE of Florida, DEPARTMENT OF REVENUE, OFFICE OF CHILD SUPPORT ENFORCEMENT, on behalf of D.J.N., a child, Appellant,
v.
Patrick REDDING, Appellee.
No. 96-703.
District Court of Appeal of Florida, Third District.
January 8, 1997.
Robert A. Butterworth, Attorney General, and Jon J. Johnson, Assistant Attorney General, for appellant.
Burton D. Greenfield, Miami, for appellee.
Before COPE, GERSTEN and SHEVIN, JJ.
COPE, Judge.
The Florida Department of Revenue appeals an order dismissing a paternity action brought on behalf of the minor child D.J.N. We conclude that the doctrine of res judicata does not bar this action, and return the matter to the trial court for a determination of paternity on the merits.
D.J.N., was born in 1992. In 1993, the Florida Department of Health and Rehabilitative Services, the agency then responsible for child support enforcement, filed a paternity action on relation of Brenda R. Nelson, the mother, against respondent Patrick Redding. Thereafter the mother executed an affidavit in which she recanted her allegation that Patrick Redding was the child's father. In her affidavit she named a different man as the father. Based on the affidavit, the 1993 action was dismissed with prejudice.
In 1994, the Department of Health and Rehabilitative Services refiled a paternity action on relation of Brenda R. Nelson against the respondent, Patrick Redding. The mother asserted that she had been coerced into executing the 1993 affidavit, and maintained that respondent Redding was the father of the child. The trial court sua sponte dismissed *1001 the 1994 action, but held a hearing to determine whether the court should reopen the 1993 action. After taking testimony, the trial court ruled that the mother's claim of coercion lacked credibility. Consequently, the trial court refused to reopen the 1993 litigation.
In 1995, the Florida Department of Revenue, which is currently the agency in charge of child support enforcement, filed this petition for determination of paternity directly on behalf of the minor child D.J.N., against respondent Redding. The father moved to dismiss the petition on the ground of res judicata. The trial court ruled that the 1993 dismissal was res judicata, and dismissed the 1995 action. The Department has appealed.
We conclude that the 1995 action should not have been dismissed. In so holding, we follow precedent from the First, Fourth, and Fifth Districts.
As explained in Department of Health and Rehabilitative Services v. Wyatt, So.2d 1332 (Fla. 5th DCA 1985):
But whatever effect the earlier dismissal had on the right of the mother to bring this action, an issue we do not decide, it did not affect the rights of the child. An illegitimate child has an independent right to support from its father. The mother merely serves as a conduit for such support benefits due the child, thus, the mother cannot contract away the child's rights or release the father from his obligation to support the child. In addition to the right of support, the child has other interests, such as the right to be an heir of its natural father, and thus has rights independent of the mother's which can be adjudicated by an action for paternity....
Because the child was not a party to the [earlier filed] action, her rights were not affected by the judgment entered therein and are not barred by res judicata. In order for res judicata to bar a suit, four identities must be present:
(1) Identity of the thing sued for;
(2) Identity of the cause of action;
(3) Identity if persons and parties;
(4) Identity of the quality or capacity of the persons for or against whom the claim is made.
Here, the parties are different as is the quality or identity of the persons for whom the claim is made. Thus two of the identities are missing.
Id. at 1333-34 (citations omitted); accord State of Wisconsin v. Martorella, 670 So.2d 1161 (Fla. 4th DCA 1996); Department of Health and Rehabilitative Services v. Griffin, 620 So.2d 241, 242 (Fla. 1st DCA 1993); see also Settle v. Beasley, 309 N.C. 616, 308 S.E.2d 288 (1983); In re the Paternity of Amber J.F., 205 Wis.2d 505, 557 N.W.2d 84 (Wis.Ct.App.1996); Restatement (Second) of Judgments § 31, comment f, illustration 3 (1982).[1] In paternity matters, "the tendency is to hold open the possibility of establishing... the right to support against any judgment except one which is based on full and fair litigation of the question and which involves the child himself as a party." Restatement (Second) of Judgments § 31, comment a, at 312.[2]
The putative father argues that the trial court ruling should be sustained on grounds of collateral estoppel. The putative father argues that the mother's 1993 affidavit should be viewed as establishing, as an adjudicated fact, that respondent Redding is not *1002 the father of the child. We disagree. To begin with, "[u]nless both parties are bound by the prior judgment, neither may use it in a subsequent action." Khan v. Simkins Industries, Inc., 687 So.2d 16, 17 (Fla. 3d DCA 1996). Further, there was no blood testing and no trial of the merits of the paternity issue in the 1993 proceeding. "Collateral estoppel prevents identical parties from relitigating issues that have previously been fully litigated and which resulted in a final decision of a court with competent jurisdiction." R.D.J. Enterprises, Inc. v. Mega Bank, 600 So.2d 1229, 1231 (Fla. 3d DCA) (citations omitted), rev. denied, 609 So.2d 40 (Fla.1992). The mother's 1993 affidavit is properly viewed, at best, as a unilateral attempt by the mother to waive the minor child's right to support from the putative father. "[T]he mother could not waive the right of the children to support even if such was her intention." Strickland v. Strickland, 344 So.2d 931, 932 (Fla. 2d DCA 1977) (citation omitted).
Finally, we agree with the First District that a paternity action cannot be viewed as if it were simply ordinary litigation between private parties. Locklear v. Sampson, 478 So.2d 1113, 1115 (Fla. 1st DCA 1985). Important considerations of public policy are involved as well.
As this court stated in another paternity case presenting comparable circumstances:
[W]e note the Florida Supreme Court's holding that "the [res judicata] doctrine will not be invoked where it will work an injustice ...." deCancino v. Eastern Airlines, Inc., 283 So.2d 97 (Fla.1973) (footnote omitted); see also Universal Construction Co. v. City of Fort Lauderdale, 68 So.2d 366, 369 (Fla.1953) ("Indeed, this very Court, among others, has announced the salutary principle that the doctrine of res judicata should not be so rigidly applied as to defeat the ends of justice."); Wallace v. Luxmoore, 156 Fla. 725, 24 So.2d 302, 304 (1946) ("Stare decisis and res judicata are perfectly sound doctrines, approved by this court, but they are governed by well-settled principles and when factual situations arise that to apply them would defeat justice we will apply a different rule."); Flesche v. Interstate Warehouse, 411 So.2d 919, 924 (Fla. 1st DCA 1982).
While we are exceedingly aware of the need for finality and repose in litigation, we are confronted here with a rare and compelling situation. It is the recognized public policy of this state that children be provided support....
... The effect of affirming the judgment will be to deprive a child of needed support for the remainder of his minority, while bestowing a gift on [defendants]. Assuming those to be the facts, we think the case falls within the manifest injustice exception set forth above.
Hernandez v. Marsarm Corp., 613 So.2d 914, 916 (Fla. 3d DCA 1992), rev. denied, 624 So.2d 267 (Fla.1993) (citations omitted).
The minor child is entitled to have the paternity issue determined on the merits, after appropriate blood testing. The dismissal order is reversed and the cause remanded for further proceedings consistent herewith.
NOTES
[1] The Restatement illustration states:

3. M. brings an action for divorce against F, seeking support for a child, C, of whom M claims F to be the father. No representative for C is designated in the action. F denies that he is the father of C. A judgment for F denying M support for C does not preclude an action by C against F for parental support.
Id. See also comment q, illustration 9.
[2] The putative father relies on State Department of Health and Rehabilitative Services v. Ricks, 530 So.2d 370 (Fla. 2d DCA 1988), but that reliance is misplaced. In Ricks the Second District held that section 742.011, Florida Statutes, allows a paternity action to be brought by a child or other person only if there has been no previous adjudication of the merits of the paternity claim. 530 So.2d at 371. In Ricks there had been a final judgment after trial of the merits. The Second District applied res judicata to bar a second paternity action.

The present case is not like Ricks. There has been no trial of the merits of the paternity claim. Even if we were to follow Ricks, there would be no bar to the present paternity action.