[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 08-16450 and 09-11170
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 17, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-61261-CV-WPD

CARL SHELL,

Plaintiff-Appellant,

versus

TIM SCHWARTZ,
HOLLYWOOD HOUSING AUTHORITY,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(December 17, 2009)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Carl Shell, proceeding pro se, appeals the district court's order granting summary judgment in favor of the Hollywood Housing Authority and Tim Schwartz, in his capacity as project manager of the Housing Authority. Shell also appeals the district court's order denying his motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b)(6). The underlying lawsuit involves a 42 U.S.C. § 1983 claim to recover terminated federal housing benefits, a claim that was also litigated in earlier state court proceedings.

In this instant appeal, Shell contends that the district court erred in granting summary judgment in favor of the appellees based on its finding that his claims were barred by the doctrine of res judicata. He says that doctrine is inapplicable because he suffered an injustice when his housing assistance benefits were terminated before he received an administrative hearing. Shell further contends that the district court abused its discretion in denying his Rule 60(b)(6) motion for relief from judgment because the earlier state court actions did not result in on-the-merits adjudications, a contention he bases on the theory that he never had standing to sue in state court.

I.

We review de novo a district court's ruling on summary judgment, applying the same legal standards as the district court. Whatley v. CNA Ins. Cos., 189 F.3d

2

1310, 1313 (11th Cir. 1999).  The moving party is entitled to summary judgment, "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  If the non-moving party bears the ultimate burden of proof regarding the claim at issue in the motion, that party, in response to the motion, must go beyond the pleadings and establish, through competent evidence, that there truly is a genuine, material issue to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party."  Rojas v. Florida, 285 F.3d 1339, 1341-42 (11th Cir. 2002) (quotation omitted).

Whether a claim is barred by res judicata is a legal determination that we review de novo.  Kizzire v. Baptist Health System, Inc., 441 F.3d 1306, 1308 (11th Cir. 2006). When considering "whether to give res judicata effect to a state court judgment," we "must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation."  Green v. Jefferson County Comm'n., 563 F.3d 1243, 1252 (11th Cir. 2009) (quotation omitted), cert. denied, (U.S. Oct. 5, 2009) (No. 09-20).

3

Under Florida law:

> [a] judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.

Fla. Dep't. of Transp. v. Juliano, 801 So.2d 101, 105 (Fla. 2001) (quotation omitted). More specifically, "[t]he Florida doctrine of res judicata bars subsequent litigation where there is (1) identity of the thing sued for, (2) identity of the cause of action, (3) identity of persons and parties to the actions, and (4) identity of the quality or capacity of the person for or against whom the claim is made." Fields v. Sarasota Manatee Airport Auth., 953 F.2d 1299, 1307-08 (11th Cir. 1992) (quotation omitted). The doctrine further requires plaintiffs to raise all available claims involving the same circumstances in one action. Dep't of Agric. and Consumer Serv. v. Mid-Florida Growers, Inc., 570 So.2d 892, 901 (Fla. 1990).

Res judicata is not an absolute doctrine, and Florida courts have held that the doctrine should not be adhered to where its application would work an injustice. deCancino v. Eastern Airlines, Inc., 283 So.2d 97, 98 (Fla. 1973). For example, Florida courts have held that application of the doctrine may be improper where the impact of the litigant's incompetency at the time of the original proceedings was unclear from the record or application of the doctrine would contravene strong

4

public policy. See Artigas v. Winn Dixie Stores, Inc., 622 So.2d 1346, 1347-48 (Fla. 1st Dist. Ct. App. 1993) (holding that the doctrine of res judicata was improperly applied in workers' compensation case because the evidence showed that, during the original proceedings, the claimant had labored under a psychiatric condition and the record did not reflect when a guardian was appointed on his behalf); Hernandez v. Marsarm Corp., 613 So.2d 914, 916 (Fla. 3d Dist. Ct. App. 1992) (applying the manifest injustice exception when affirming the dismissal would, in effect, "deprive a child of needed support for the remainder of his minority").

The district court did not err granting summary judgment in favor of appellees because Shell failed to show that applying the doctrine of res judicata would result in injustice. The record shows that Shell was, in fact, given a full and fair opportunity to litigate his claims in the state court proceedings, and he did so. The application of the doctrine does not contravene any public policy, nor is there any resulting injustice in the required sense. Shell's arguments to the contrary are little more than a rehash of his losing state court arguments. Accordingly, we affirm the district court's order granting summary judgment in favor of appellees.

II.

Shell's contention that the district court erred in denying his Rule 60(b)(6)

motion is based on the premise that he lacked standing to bring a lawsuit in state court and therefore none of the proceedings there could have resulted in a determination on the merits against him.

We review a district court's denial of a Fed.R.Civ.P. 60(b) motion only for an abuse of discretion. Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). Rule 60(b)(6) motions allow a party to be relieved from a judgment for any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b)(6). Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and that, "absent such relief, an extreme and unexpected hardship will result." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (quotations omitted). Even under exceptional circumstances, the decision of "whether to grant the requested relief is a matter for the district court's sound discretion." Toole, 235 F.3d at 1317 (quotation and ellipsis omitted). The appellant's burden on an appeal from the denial of a Rule 60(b)(6) motion is a heavy one. Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). "[I]t is not enough that a grant of the motion might have been permissible or warranted; rather, the decision to deny the motion . . . must have been sufficiently unwarranted as to amount to an abuse of discretion." Griffin, 722 F.2d at 680. The defendant "must demonstrate a justification so

compelling that the [district] court was required to vacate its order." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (quotation omitted).

A prior state court judgment must be on the merits to support application of res judicata. State v. McBride, 848 So.2d 287, 290 (Fla. 2003). Pursuant to Florida Rule of Civil Procedure 1.420(b), ("Rule 1.420(b)"), "[u]nless the court in its order for dismissal otherwise specifies, a dismissal . . . other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits." See Crews v. Dobson, 177 So.2d 202, 205 (Fla. 1965) (stating that "dismissals brought by defendants for plaintiff's . . . failure to prove a case" constitute an adjudication of the merits, "[u]nless the court otherwise provides"). We have, however, recognized that Florida law does not permit preclusion unless the prior court had jurisdiction over the parties and subject matter jurisdiction over the claim. Aquatherm Indus. Inc. v. Fla. Power & Light Co., 84 F.3d 1388, 1392-93 (11th Cir. 1996) (holding that the doctrine of res judicata could not be applied to bar antitrust claims first brought in state court because the state court lacked subject matter jurisdiction over those claims).

Shell did have standing to bring a claim, under 28 U.S.C. § 1983, for wrongful termination of housing benefits in state court. He claimed to have suffered an economic injury from the denial of state and federal rights, and state

7

courts have concurrent jurisdiction over § 1983 claims, <u>Maine v. Thiboutot</u>, 448 U.S. 1, 3 n.1, 100 S.Ct. 2502, 2503 n.1 (1980).  The state court decisions that concluded Shell had no valid federal cause of action are determinations on the merits.  Shell has fallen far short of carrying his burden of showing that the district court was compelled to grant his Rule 60(b)(6) motion.

III.

**AFFIRMED.**