BENTON, J.,
dissenting.
The order under review is far from a manifest injustice, and it faithfully implements our first ruling on the exact same question earlier in this very case. Originally, the trial court worded the parties’ divorce decree — in light of the intricacies of federal law then obtaining — to require Mr. Youngblood to split his retirement income with Mrs. Youngblood, who had been his wife for more than four decades. Later, in post-judgment proceedings she instituted to give full effect to the divorce decree — in light of an intervening change in federal law — the trial court required him to pay her half of his “concurrent disability pay” in addition to half of his “military retirement pay.” On interlocutory appeal, we affirmed.
Even accepting for present purposes the premise of the majority opinion that, on general principles, our original pronouncement of the law was erroneous, the law of the case ought to be given effect here. Under the doctrine of the law of the case, the ruling of the highest appellate court that decides a question is presumptively binding on the parties in all subsequent stages of the proceeding, trial and appellate.
Our supreme court has shown great flexibility in applying the law of the case doctrine, see Fla. Dep’t of Transp. v. Juliano, 801 So.2d 101, 106 (Fla.2001) (“Moreover, even as to those issues actually decided, the law of the case doctrine is more flexible than res judicata in that it also provides that an appellate court has the power to reconsider and correct an erroneous ruling that has become the law of the case where a prior ruling would result in a ‘manifest injustice.’ ”), and has said:
This is the same suit and we have not lost jurisdiction thereof. Consequently, we have the power to correct any error which the Chancellor or we may have heretofore made in the progress of this litigation. There is no question of res adjudicata because this is the same, not a new and different, suit. However this Court, among others, has gone so far as to hold that it will not invoke the doctrine of res adjudi-cata if to do so would work injustice. The propriety of such ruling can not be questioned when one reflects upon the fact that the primary purpose for which our courts were created is to administer justice. In the case of Wallace v. Luxmoore, 156 Fla. 725, 24 So.2d 302, 304, we said:
“Stare decisis and res adjudicata are perfectly sound doctrines, approved by this court, but they are governed by well-settled principles and when factual situations arise that to apply them would defeat justice we will apply a different rule. Social and economic complexes must compel the extension of legal formulas and the approval of new precedents when shown to be necessary to administer justice. In a democracy the administration of justice is the primary concern of the State and when this cannot be done *420 effectively by adhering to old precedents they should be modified or discarded. Blind adherence to them gets us nowhere.”
A Court should have less hesitancy in changing “the law of the case” before losing jurisdiction than it would have in refusing to apply the doctrine of res adjudicata when all the requisites thereof are present. We may change “the law of the case” at any time before we lose jurisdiction of a cause and will never hesitate to do so if we become convinced, as we are in this instance, that our original pronouncement of the law was erroneous and such ruling resulted in manifest injustice. In such a situation a court of justice should never adopt a pertinacious attitude.
Beverly Beach Props., Inc. v. Nelson, 68 So.2d 604, 607-08 (Fla.1953).
Bush v. Holmes, 886 So.2d 340, 369-70 (Fla. 1st DCA 2004) (Benton, J., concurring) (collecting cases). Rulings that become law of the case bind the parties in appellate and trial courts alike for the duration of the case, whether correct on general principles or not, so long as the facts on which the appellate decision was based remain the facts of the case. The law of the case governs, unless the initial appellate ruling is both (a) erroneous on general principles and (b) would, if undisturbed, result in manifest injustice.
At most, the majority opinion identifies a categorical, procedural or technical error, not the manifest injustice it hyperboli-cally proclaims. The thesis is that “concurrent disability pay” has a discrete legal character requiring that it be treated differently from “military retirement pay.” However that may be, the order under review evinces the same purpose that animated the parties’ divorce decree, and is a product of the same rationale and ongoing effort that produced that decree. The majority opinion “acknowledge^] that the concurrent disability pay legislation contemplates that the former husband eventually will be allowed to receive the full amount of both his military retirement pay and VA benefits which will provide him with significantly more income than the former wife,” ante p. 418, and also — wisely, in my estimation — seems to leave open the possibility — albeit in a different proceeding — “to consider whether modification of the final judgment is warranted in light of the subsequent concurrent disability pay legislation.” Id.
One of the rationales for the doctrine of the law of the case has been stated thus: “Judicial resources, already heavily taxed, are hardly efficiently allocated when they are used to twice review the same issue.” DeGennaro v. Janie Dean Chevrolet, Inc., 600 So.2d 44, 45 (Fla. 4th DCA 1992) (An-stead, J., specially concurring). Appellate review also consumes parties’ resources.
Fortunately for litigants and appeals courts alike, most litigation does not involve even a single appeal. Whatever else it may accomplish, an appeal consumes additional resources. Reflecting this reality, an important rule of decision has been devised for litigation that bubbles up repeatedly into the appellate courts: Once actually decided by the highest court to which the case goes, the law of the ease cannot be revisited, with rare exceptions not applicable here.
Edgewater Beach Owners Ass’n, Inc. v. Bd. of County Comm’rs of Walton County, Fla., 694 So.2d 43, 45 (Fla. 1st DCA 1997) (Benton, J., specially concurring). Breaching this “important rule of decision” in the present case can only serve as an inducement to relitigating questions already decided on appeal in other cases, with the attendant waste of resources by courts and litigants alike.
*421 Earlier in the present case, Mr. Young-blood bore the expense of prosecuting an appeal and Mrs. Youngblood bore the expense of defending that appeal to get an answer to the precise question on which the court today somersaults. See Youngblood, v. Youngblood, 905 So.2d 895 (Fla. 1st DCA 2005) (Ervin, Padovano and Thomas) (table). See also Barry Hinnant, Inc. v. Spottswood, 481 So.2d 80, 83 (Fla. 1st DCA 1986); Exchange Invs., Inc. v. Alachua County, 481 So.2d 1223, 1227 (Fla. 1st DCA 1985) (“While a PCA has no precedential value, it becomes the law of the case as to the same parties and can be used for res judicata purposes.”) (Ervin, J., concurring in part and dissenting in part). As law of the case, our first decision should govern.
Accordingly, I respectfully dissent.