VAN NORTWICK, J.
Donna Mitchell appeals a final summary judgment in her action for fraud, misrepresentation and breach of duty against ap-pellees, Realty Source, Inc., and Carl Dixon, which arose out of Mitchell’s purchase of two condominium units. The trial court granted summary judgment against Mitchell finding that a release executed as a part of the settlement of a separate lawsuit filed by Mitchell against the condominium association operated as a release of her separate claims against Realty Source and Dixon in the instant action. Because we read the unambiguous language of the release as discharging liability solely for claims asserted in the separate action against the condominium association, and not the claims raised in the instant action, we reverse.
In September 1989, in two separate transactions Mitchell purchased two con *40 dominium units at the Amelia South condominium development in Fernandina Beach. She alleges that she was not advised at the time of purchase of significant water leakage problems in the units. Initially she brought suit against the Amelia South condominium association, alleging breach of contract, negligence and violation of chapter 728, Florida Statutes (1991)(the Condominium Act). A second action was filed against Realty Source and Dixon, the real estate broker and agent in Mitchell’s purchase of the units, alleging fraud, misrepresentation and breach of duty by appel-lees in the sale of the units. The two actions were joined for purposes of discovery, but not for trial. The action against the condominium association proceeded to trial first, and the jury awarded Mitchell damages. An appeal and cross-appeal to this court were taken.
While the matter was pending on appeal, Mitchell and the condominium association entered into a settlement agreement under which, in consideration for the payment of $205,000, Mitchell executed a release. The release provides, in pertinent part, as follows:
IN CONSIDERATION of said sum, the Appellee hereby releases, acquits, satisfies and forever discharges AMELIA SOUTH, INC. d/b/a AMELIA SOUTH CONDOMINIUM a/k/a AMELIA SOUTH CONDOMINIUM ASSOCIATION, CIGNA INSURANCE COMPANIES, Barnes, Barnes & Cohen, P.A., their employees, agents, attorneys and representatives thereof, and any and all potential defendants, whether known or unknown, ascertained or unascertained, from any and all claims, causes of action, demands, and suits whatsoever arising out of and asserted in Nassau Circuit Court Case No. 93-206-CA as in Appellee, DONNA MITCHELL’s cross-appeal filed in the Florida First District Court of Appeal, Case No. 94-03973.
Following the settlement of Mitchell’s action against the condominium association, Dixon and Realty Source moved for summary judgment in the instant action, arguing that the release provisions discharged them from any liability to Mitchell. The trial court agreed and granted final summary judgment in favor of appel-lees.
While we agree with the trial court that the release is unambiguous, we cannot agree that the release operates to discharge Dixon and Realty Source from all liability for the causes of action asserted in Mitchell’s separate action against them. The language of the release clearly limits the discharge of liability to claims arising out of and asserted in Case Number 93-206-CA, Mitchell’s action against the condominium association. Thus, while the parties discharged by the release are broadly described, those parties are discharged only within the limited context of the claims asserted in that action. We see no basis on the face of the release to stretch its application to the separate and distinct claims made against appellees in the instant action.
We also reject the argument advanced by Realty Source and Dixon that we should affirm because, by allowing the action to proceed, Mitchell might obtain a double recovery should she prevail, contrary to well-established Florida law. See, e.g., Dunmore v. Eagle Motor Lines, 560 So.2d 1261 (Fla. 1st DCA 1990). While the appellees may be entitled to a credit for amounts paid to Mitchell in settlement of the action against the condominium association, they are not entitled to a summary judgment. See Baudo v. Bon Secours Hosp./Villa Maria Nursing Ctr., 684 So.2d 211, 214 (Fla. 3d DCA 1996). Following remand, should Mitchell prevail on any of her claims against Dixon and Realty Source, the trial court may consider whether a set-off is appropriate pursuant to § 768.041(2), Florida Statutes, to preclude a second recovery of damages already received by Mitchell in her settlement with the condominium association. *41 See Price v. Beker, 629 So.2d 911, 912 (Fla. 4th DCA 1993), approved, JFK Med. Ctr., Inc. v. Price, 647 So.2d 833 (Fla.1994).
. . , Accordingly, the final summary judgment is REVERSED and the cause is REMANDED for further proceedings consistent with this opinion.
ALLEN AND WEBSTER, JJ., CONCUR.