BENTON, J.
On remand from our decision in Parker v. Fla. Bd. of Regents ex rel. Fla. State Univ., 724 So.2d 163 (Fla. 1st DCA 1998), judgment was entered against appellees for breach of a salary contract “based upon a conditional contract which was capable of being performed by FSU within one year.” 724 So.2d at 169-70. On account of salary disputes in ensuing years, a second action was filed in circuit court, eventuating in the summary judgment from which the present appeal has been taken. We affirm in part, reverse in part, and remand for further proceedings.
Below, appellees never moved to dismiss for failure to exhaust administrative remedies or pursue a grievance. Instead, they moved for summary judgment, contending that no evidence supported the claims against the individual defendants for tor-tious interference with contractual relationships. See Abruzzo v. Haller, 603 So.2d 1338, 1339-40 (Fla. 1st DCA 1992). They also contended that the damage claims for failure to grant merit pay increases and for failure to limit Dr. Parker’s teaching load were not claims on which relief could be granted, if the pertinent documents were properly construed. The learned trial judge accepted these contentions in granting summary judgment, and we find no error in these rulings.
Certain claims in count one sought damages for failure to award Professor Parker “across-the-board” salary increases. As to these claims, the professor at first relied only on the written agreement that had been sued on in the original lawsuit, and appellees contended that the doctrine of res judicata precluded relief. Amended pleadings invoked the collective bargaining agreement as well as the written agreement originally sued on, but summary judgment was entered as to these claims on a res judicata theory, nevertheless.
Inasmuch as the “across-the-board” claims in count one pertain to breaches of more than the agreement originally sued on, which were alleged to have taken place after the breaches that were the basis for the original action, we agree with appellant that those claims are not res judicata. See U.S. Project Mgmt., Inc. v. Parc Royale E. Dev., Inc., 861 So.2d 74, 76 (Fla. 4th DCA 2003) (holding res judicata was no bar even “[tjhough both actions involve breach of contract, [because] U.S. Project is now suing based on a subsequent breach of the Consulting Agreement”).
Accordingly, we affirm except as to the “across-the-board” claims, reverse the grant of summary judgment as to those claims only, and remand for further proceedings.
ALLEN and BROWNING, JJ., CONCUR.