935 So.2d 100 (2006)
Sandra BERG, Appellant,
v.
Laszlo WAGNER, David Brodsky, Frank Lloyd, Robert Shipman and Bridle Path Homeowners Association, Inc., Appellees.
No. 4D05-2291.
District Court of Appeal of Florida, Fourth District.
August 9, 2006.
*101 Daniel S. Rosenbaum and Cheryl L. Potter of Becker & Poliakoff, P.A., West Palm Beach, for appellant.
Christopher B. Hoskins, Barry A. Postman and Allison S. Miller-Bernstein of Cole, Scott & Kissane, P.A., West Palm Beach, for appellees Laszlo Wagner, David Brodsky, Frank Lloyd and Robert Shipman.
PER CURIAM.
This appeal arises from a homeowner's association dispute. In brief, Bridle Path Homeowners Association, Inc. (the "Association") filed suit against Sandra Berg, one of its members, seeking to foreclose upon liens recorded against her property as a consequence of her failure to pay assessments levied by the Association. Following the entry of summary judgment in favor of the Association, Berg appealed. A prior panel of this court reversed, finding the lower court had improperly placed upon Berg the burden of demonstrating the assessments were levied in compliance with the community's governing documents and the relevant Florida statutes. See Berg v. Bridle Path Homeowners Ass'n, 809 So.2d 32 (Fla. 4th DCA 2002). On remand, Berg sought, for the first time, to bring claims for breach of fiduciary duty (count I), slander of title (count II), and violation of section 617.303, Florida Statutes[1] (count III) against Association directors Laszlo Wagner, David Brodsky, Frank Lloyd, and Robert Shipman, in their individual capacities. The directors moved for summary judgment, arguing Berg's claims against them were barred as a consequence of the immunity afforded them by section 617.0834, Florida Statutes, and the running of the statute of limitations. The trial court granted the motion for summary judgment and this appeal followed.
We agree with appellant that the summary judgment in favor of the individual directors cannot be sustained on the grounds of the immunity afforded by section 617.0834.[2] Berg's counterclaims fairly *102 allege that the directors deliberately abdicated their responsibilities with respect to the annual budget, the levying of assessments, and the holding of board meetings and that such actions were taken in bad faith and with a malicious purpose and are adequate to avoid the immunity afforded by the statute. Thus, to be entitled to summary judgment, the directors/moving parties were required to demonstrate the undisputed evidence was such that Berg could not prove the self-dealing or bad faith necessary to impose personal liability. The evidence offered on summary judgment was insufficient to meet this burden. See Mobley v. Gilbert E. Hirschberg, P.A., 915 So.2d 217, 218 (Fla. 4th DCA 2005) ("Summary judgment is proper `only when there are no genuine issues of material fact conclusively shown from the record and the movant is entitled to judgment as a matter of law. All doubts and inferences must be resolved against the moving party, and if there is the slightest doubt or conflict in the evidence, then summary judgment is not available.'") (quoting Shreffler v. Philippon, 873 So.2d 1280, 1281 (Fla. 4th DCA 2004)) (other citations omitted); Roach v. State Farm Mut. Auto. Ins. Co., 892 So.2d 1107, 1110 (Fla. 2d DCA 2004) (stating it is the moving party who bears the burden to "conclusively demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law"), review granted, 905 So.2d 893 (Fla.2005).
Nonetheless, as a consequence of the running of the relevant statute of limitations, we affirm the summary judgment except to the extent counts I and III are predicated upon acts and/or omissions that occurred after October 11, 1998. The claims for breach of fiduciary duty and violation of section 617.303, Florida Statutes, are subject to a four-year statute of limitations. See § 95.11(3)(o), (p), Fla. Stat. (limitations periods for intentional torts and actions not specifically addressed); Halkey-Roberts Corp. v. Mackal, 641 So.2d 445, 447 (Fla. 2d DCA 1994) (stating breach of fiduciary duty is an intentional tort governed by section 95.11(3)(o)). The deposition testimony of Shipman, Brodsky, and Lloyd leaves open the possibility that each of them served on the board from October 1998 until sometime in 1999, and Berg's Third Amended Answer and Counterclaims allege acts and omissions from 1993 through 1999. Berg filed and served her counterclaims against the individual directors on October 11, 2002.[3] Thus, the summary judgment was improper to the extent the breach of fiduciary duty and violation of section 617.303 claims were predicated upon post-October 11, 1998 conduct.
Affirmed in Part; Reversed in Part; and Remanded.
STEVENSON, C.J., GUNTHER and MAY, JJ., concur.
NOTES
[1] Section 617.303, Florida Statutes, was repealed and renumbered in 2000. The provisions relevant to this appeal now appear in chapter 720.
[2] Section 617.0834, Florida Statutes, provides that directors are not personally liable for "any statement, vote, decision, or failure to take an action," unless:

(a) The officer or director breached or failed to perform his or her duties as an officer or director; and
(b) The officer's or director's breach of, or failure to perform, his or her duties constitutes:
. . . .
3. Recklessness or an act or omission which was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
[3] An amended complaint will be deemed filed at the time of the filing of the motion for leave to amend. See Totura & Co. v. Williams, 754 So.2d 671, 679-80 (Fla.2000); R.A. Jones & Sons, Inc. v. Holman, 470 So.2d 60 (Fla. 3d DCA 1985).