HAZOURI, J.
 

 W
 
 &
 
 W Lumber of Palm Beach County, Inc. (“W & W”), appeals a final judgment award of $53,054.44 rendered against it following a bench trial. We reverse.
 

 Town
 
 &
 
 Country Builders, Inc. (“Town
 
 &
 
 Country”), a general contractor, contracted with W & W, a subcontractor, for materials (windows) and labor (window installation and millwork) for six of its residential projects. At the onset of the project, W & W used windows manufactured by Florida Extruders International, Inc. (“FEI”).
 
 [1]
 

 Pursuant to the contracts, W & W was obligated to comply with state and local laws and agreed to indemnify Town & Country for any damages caused by a failure to comply with local law. After the parties executed the contracts, W
 
 &
 
 W began work at the Town
 
 &
 
 Country construction sites, providing FEI windows and millwork where required. On September 9, 2002, Palm Beach County issued a directive, temporarily stopping shipment of FEI windows to Palm Beach County. The County stopped shipment of the windows because of concerns about the windows’ thickness and lack of labeling showing an approved product evaluation entity. At that time, W & W had installed FEI windows at only one of the sites, the Lantern Key project. The County permitted the installed FEI windows to remain and allowed W & W to install the FEI -windows it had remaining in stock.
 

 Two months later, the County told the parties the FEI windows were satisfactory and FEI could resume shipping them to Palm Beach County. By then, W & W and Town & Country decided to replace the FEI windows with another brand of windows, i.e., Seasonshield windows. The parties ordered and received the Sea-sonshield windows before the County’s directive.
 

 Because of the County’s initial directive, Town & Country experienced delays at the Lantern Key project, as there was uncertainty about how the parties would resolve the FEI window issue. The Seasonshield windows were also more expensive than the FEI windows, causing a cost increase of $13,094.34. Town & Country signed a new purchase order agreeing to the extra charge as an increase to the parties’ contract price.
 

 A few months later, W
 
 &
 
 W and Town & Country had a dispute over outstanding purchase orders. When Town
 
 &
 
 Country advised W
 
 &
 
 W that it would not pay the invoices, W & W stopped work at Town & Country’s six sites, failing to complete the contracted work. Town & Country spent approximately three weeks finding and contracting with replacement subcontractors. The replacement subcontractors finished W
 
 &
 
 W’s contracted work.
 

 Town & Country and W
 
 &
 
 W met to discuss the amount owed to W & W for previously performed work and outstanding purchase orders. They also discussed the cost incurred by Town & Country because of the FEI window problem and W & W’s work stoppage. The parties could not agree on the amounts owed. That disagreement led to Town & Country suing W & W for breach of contract. In its complaint, Town & Country asserted that W & W breached the parties’ contract by stopping work before completion (Count I) and by failing to provide windows that
 
 *82
 
 complied with the applicable law and regulations (Count II). For those claims, it sought delay damages for cost of completion and carrying charges.
 

 W
 
 &
 
 W answered and counterclaimed. In W & W’s counterclaim, it argued Town
 
 &
 
 Country breached the parties’ contract by not paying W & W, as it had substantially completed the contracted work. Additionally, W & W brought counterclaims for open account, account stated, unjust enrichment for material and labor furnished, and payment with interest for goods and services supplied. In Town & Country’s answer to W & W’s counterclaims, it did not assert the affirmative defense of setoff. W & W, in an amended counterclaim, joined FEI as a party by bringing a third-party complaint against it. W & W sought indemnification by FEI for Town & Country’s claim against it arising from the FEI window problem (i.e., Count II of Town & Country’s complaint).
 

 FEI and Town & Country entered into a settlement agreement before trial. In a notice of dismissal it filed the morning of trial, Town & Country voluntarily dismissed Count II of its complaint against W & W with prejudice. At trial, W & W orally stipulated to the voluntary dismissal, and the trial court excused FEI. Despite the fact that Town & Country had settled with FEI for the delay damage claimed in Count II, the trial court permitted Town & Country, over W & W’s objection, to amend its answer to W & W’s counterclaim to assert as a setoff the delay damages caused by FEI. W & W argued below that Town & Country’s voluntary dismissal with prejudice was a final adjudication of that claim and the doctrines of res judicata and collateral estoppel barred further litigation of those delay damages. Town & Country contended the doctrines did not bar a setoff, as the voluntary dismissal was part of the current lawsuit and not part of a prior suit. It contended this negated the application of the doctrines because the parties were not relitigating an issue or claim from a prior suit. W & W also requested production of the settlement agreement between Town
 
 &
 
 Country and FEI, which the trial court denied.
 

 Following the bench trial, the trial court, in a final judgment, held that Town
 
 &
 
 Country proved Count I of its complaint, finding that W & W breached the parties’ contract by stopping work on the sites before completion. It also found in W & W’s favor for its counterclaims for open account, account stated, unjust enrichment for material and labor furnished, and payment with interest for goods and services supplied. After calculating the damages owed to both parties and Town
 
 &
 
 Country’s setoff — which the trial court determined to be $50,000.00 — the trial court found that W & W owed Town & Country $53,054.44 in damages.
 

 On appeal, at issue is the propriety of the trial court’s damage award. Specifically: 1) whether the trial court erred by granting Town & Country’s motion to amend its affirmative defenses to include setoff because res judicata barred the set-off; and 2) whether the trial court erred in its decision to exclude Town & Country and FEI’s settlement. The parties also stipulated that because of a miscalculation by the trial court, Town & Country owes W
 
 &
 
 W an additional $550.00.
 

 We reverse, as the trial court erred by allowing Town & Country to amend its answer to include setoff because res judi-cata barred the setoff.
 

 Our review of the trial court’s ruling concerning the application of res judicata or collateral estoppel is de novo.
 
 Felder v. Fla. Dep’t of Mgmt. Servs.,
 
 998 So.2d 1031, 1034 (Fla. 1st DCA 2008). Res judicata is a judicial doctrine used to bar
 
 *83
 
 parties from relitigating claims previously decided by a final adjudication on the merits.
 
 See Gilbertson v. Boggs,
 
 743 So.2d 123, 126 (Fla. 4th DCA 1999) (holding that a voluntary dismissal with prejudice “is a final adjudication on the merits for which res judicata attaches”). “As a general rule, a voluntary dismissal with prejudice operates as an adjudication on the merits, barring a subsequent action on the same claim.”
 
 Capital Bank v. Needle,
 
 596 So.2d 1134, 1136 (Fla. 4th DCA 1992). Res judi-cata bars relitigation of a claim decided in a prior final adjudication if the subsequent claim satisfies the following four elements: “1) identity in the thing sued for; 2) identity of the cause of action; 3) identity of persons and parties of the action; and 4) identity of the quality in the person for or against whom the claim is made.”
 
 Signo v. Fla. Farm Bureau Cas. Ins. Co.,
 
 454 So.2d 3, 4 (Fla. 4th DCA 1984).
 

 In this case, res judicata barred Town & Country from asserting its setoff as an affirmative defense because the parties previously adjudicated that claim on its merits. Specifically, Town & Country, after it settled with FEI, voluntarily dismissed with prejudice its claim against W & W for delay damages caused by the FEI window problem. That voluntary dismissal with prejudice was a final adjudication on the merits for that claim between Town & Country and W & W. Town & Country then sought to amend its pleadings to assert the affirmative defense of setoff against W & W’s counterclaims, with the effect of that setoff being the relitigation of Town & Country’s voluntarily dismissed claim. This setoff mirrored Town & Country’s claim against W & W that it voluntarily dismissed with prejudice. The trial court allowed the amendment and it set off against W & W’s damage award the delay damages caused by the FEI window problem. This was error because res judicata barred that amendment, as Town & Country and W & W (identity of parties) already litigated Town
 
 &
 
 Country’s claim (identity of cause of action and quality in the person for or against whom a claim is made) against W & W for delay damages caused by the FEI window problem (identity in the thing sued for) when the parties adjudicated that claim on its merits by voluntarily dismissing it with prejudice.
 

 In addition, the trial court erred in denying W & W’s request to produce the settlement agreement between Town & Country and FEI. W & W was entitled to examine the amount of the settlement and the terms of the agreement.
 
 See, e.g., Mitchell v. Realty Source Inc.,
 
 740 So.2d 39, 40-41 (Fla. 1st DCA 1999) (stating the “trial court may consider whether a set-off is appropriate ... to preclude a second recovery of damages already received by Mitchell in her settlement with the condominium association”). However, because res judicata applies to the delay damages asserted in Count II, that error is harmless.
 

 Therefore, we reverse and remand and direct the trial court to recalculate the final judgment consistent with this opinion. As to all other issues raised on appeal, we affirm.
 

 Reversed and Remanded with Directions.
 

 FARMER, and MAY, JJ., concur.
 

 [1]
 

 . FEI is not a party to this appeal.