DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEPARTMENT OF REVENUE,**
o/b/o Christine M. Cowie,
Appellant,

v.

**JOSEPH A. ORLOWSKI,**
Appellee.

No. 4D14-3306

[January 6, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy Bailey, Judge; L.T. Case No. 13-10573 (41).

Pamela Jo Bondi, Attorney General, and William H. Branch, Assistant Attorney General, Tallahassee, for appellant.

Robert M. Panisch, Plantation, for appellee.

***ON MOTION FOR REHEARING***

LEVINE, J.

We grant the motion for rehearing, withdraw our prior opinion, and substitute this opinion in its place.

The issue in this case is whether the trial court erred in finding that res judicata barred the Department of Revenue's ("DOR") petition against appellee to establish paternity and child support. We find that res judicata applied because both the prior proceeding and the instant petition involved the same parties and both concerned a petition to establish paternity and child support. Accordingly, we affirm the final judgment in favor of appellee.

In 2006, the DOR, on behalf of Christine Cowie ("the mother"), filed a petition to establish paternity and child support against appellee Joseph Orlowski, as the biological father, and Peter Cowie, as the legal father. According to the petition, Orlowski impregnated the mother, and the mother was pregnant with the child when she married Cowie. When the

child was born, Cowie's name was listed on the birth certificate as the father, and the child was given Cowie's last name.

During the hearing in 2006, the mother instructed the DOR that she wanted to withdraw the petition. The mother also confirmed that she understood that a dismissal would be with prejudice and that she would not have any legal recourse against Orlowski in the future on this issue. Following the hearing, the trial court entered an agreed final order dismissing the petition with prejudice.

In December 2012, the mother and her husband divorced. In the final judgment of dissolution of marriage, the trial court noted that the guardian ad litem determined it was in the child's best interest that the husband not be the child's father. Consistent with this determination, the trial court stated that the husband was not the child's legal father and ordered the State of Florida, Office of Vital Statistics, to remove the husband's name from the child's birth certificate.

In August 2013, the DOR filed the instant petition, on behalf of the mother, against Orlowski to determine paternity and establish child support. Orlowski filed a motion for summary judgment, arguing that the issue of his paternity was conclusively resolved in an earlier proceeding and thus was res judicata. The DOR filed a response, arguing that the motion to dismiss should be denied based on equitable principles and the best interests of the child. The DOR further asserted that res judicata did not apply because the paternity issue had never been adjudicated on the merits. After a hearing, the trial court granted the motion for summary judgment, finding that the prior agreed final order "was a final adjudication on the merits, and that res judicata applies to the current action."

An order granting summary judgment is reviewed de novo, as is a trial court's ruling concerning the application of res judicata. *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126 (Fla. 2000); *W & W Lumber of Palm Beach, Inc. v. Town & Country Builders, Inc.*, 35 So. 3d 79, 82 (Fla. 4th DCA 2010).

Res judicata is a judicial doctrine used to bar parties from relitigating claims previously decided by a final adjudication on the merits. *W & W Lumber*, 35 So. 3d at 82-83. "Res judicata bars relitigation of a claim decided in a prior final adjudication if the subsequent claim satisfies the following four elements: '1) identity in the thing sued for; 2) identity of the cause of action; 3) identity of persons and parties of the action; and 4) identity of the quality in the person for or against whom the claim is made.'" *Id.* (citation omitted). The law is clear that, where the four

2

identities are present, "a voluntary dismissal with prejudice operates as an adjudication on the merits, barring a subsequent action on the same claim." *Id.* (quoting *Capital Bank v. Needle*, 596 So. 2d 1134, 1136 (Fla. 4th DCA 1992)).

In the present case, the trial court properly applied res judicata because all four identities were the same in both the original 2006 paternity action and the 2013 paternity action. Additionally, the agreed dismissal with prejudice of the original action operated as an adjudication on the merits. *See id.* Had the present petition to determine paternity and child support been brought by a different party, then res judicata would not have applied. *See Dep't of Health & Rehab. Servs. ex rel. Ward v. Wyatt*, 475 So. 2d 1332 (Fla. 5th DCA 1985) (finding that prior dismissal with prejudice of mother's paternity and child support action against putative father did not operate as res judicata to bar action by HRS on behalf of child against putative father for paternity and child support); *State, Dep't of Revenue, Office of Child Support Enforcement ex rel. D.J.N. v. Redding*, 685 So. 2d 1000, 1000 (Fla. 3d DCA 1997). *See also* § 742.011, Fla. Stat. (stating that a mother or child may bring a proceeding to determine paternity).

The DOR also challenges the award of attorney's fees pursuant to section 57.105, Florida Statutes. We reverse and remand to the trial court to make an appropriate finding based on the record. *See Whitten v. Progressive Cas. Ins. Co.*, 410 So. 2d 501, 505 (Fla. 1982) (stating that to award attorney's fees under section 57.105, a trial court must make an express finding of "a complete absence of a justiciable issue of either law or fact raised by the losing party") (citation omitted); *Peerless Elec. Co. v. Goldberger*, 473 So. 2d 300, 300 (Fla. 4th DCA 1985).

In sum, we affirm the judgment in favor of appellee, and we reverse and remand the award of attorney's fees.

*Affirmed in part, reversed in part, and remanded.*

WARNER and KLINGENSMITH, JJ., concur.

\*   \*   \*

***Not final until disposition of timely filed motion for rehearing.***