DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GREGOR WOODWARD,**
Appellant,

v.

**ORATOR E. WOODWARD,** individually, and as Trustee of the Mary T.
Woodward Trust u/a/d January 14, 1972, as Trustee of the El Bravo
Trust u/a/d May 31, 2002, and as Trustee of the Serena Mary Elizabeth
Woodward Trust u/a/d  May 31, 2002, **LORENCE WOODWARD,
MARCUS WOODWARD, SERENA WOODWARD,** and **MAUREEN
WOODWARD,**
Appellees.

No. 4D15-449

[May 4, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; John L. Phillips, Judge; L.T. Case No.
502012CP004845XXXXNB.

Michele M. Thomas, Adrian P. Thomas, and Daniel A. McGowan of
Adrian Philip Thomas, P.A., Fort Lauderdale, for appellant.

David L. Gorman of David L. Gorman, P.A., North Palm Beach, for
appellee Orator E. Woodward.

LEVINE, J.

The trial court found that res judicata and laches barred the
beneficiary's claim against the trustee.  As a result, the beneficiary appeals
an order entering summary judgment in favor of the trustee and
dismissing the beneficiary's claim with prejudice.  We find that res judicata
does not apply because there is no identity of the cause of action.  The
2012 action arose from a new and different breach of fiduciary duty from
the 1996 action.  Additionally, laches does not apply because the trustee
did not serve an accounting until 2011, and the beneficiary timely filed
suit within six months after receiving the accounting.  For all these
reasons, we reverse the trial court's order.

In 1972, Mary T. Woodward established a trust for her grandchildren

(the "Mary T. Woodward Trust"). Mary named Orator Woodward, her son, as the trustee. In 1996, Gregor Woodward, a beneficiary of the trust, filed an amended complaint against Orator for breach of fiduciary duty. Gregor alleged that Orator failed to make an accounting since the trust's inception, improperly mortgaged real property in the trust, and improperly used the trust to pay education expenses. Gregor sought removal of Orator as trustee. During the pendency of the action, on May 31, 2002, Orator transferred the assets of the Mary T. Woodward Trust into two new trusts, the "El Bravo Trust" and the "Serena Woodward Trust," thereby terminating the Mary T. Woodward Trust.

In January 2003, Orator moved to strike the amended complaint and moved to sanction Gregor and another beneficiary, alleging that they stole confidential attorney-client communications from Orator's home. Within the motion, Orator mentioned that he had distributed the Mary T. Woodward Trust assets into two new trusts. The trial court granted the motion and dismissed the complaint with prejudice. This court affirmed without an opinion. *Woodward v. Woodward*, 872 So. 2d 913 (Fla. 4th DCA 2004).

On October 11, 2011, Orator served accountings for the Mary T. Woodward Trust, the El Bravo Trust, and the Serena Woodward Trust on Gregor and the other grandchildren. The Mary T. Woodward Trust accounting listed a starting value on January 2, 2002, of $944,038.89 and a closing value on May 31, 2002, of $0. In a footnote, the accounting stated:

> On May 31, 2002 O.E. Woodward exercised his right of withdrawal and withdrew all assets from the O.E. Woodward Trust dated 01/14/1972. The real property interest was assigned to the El Bravo Trust dated 05/31/2002. All remaining assets of O.E. Woodward Trust dated 01/14/1972 were assigned to the Serena Mary Elizabeth Woodward Trust dated 05/31/2002.

In addition, all of the accountings contained a limitations notice that an action for breach of trust based on matters disclosed in the accountings may be barred unless the action was commenced within six months of receipt of the accounting.

On April 9, 2012, Gregor filed suit against Orator. Gregor alleged that Orator breached his fiduciary duties in terminating the Mary T. Woodward Trust and assigning the assets to two new trusts. Gregor sought removal of Orator as trustee; an accounting; restoration of assets; an order

compelling Orator to pay money; and other relief as equitable, just, and proper.

Orator filed an answer, raising res judicata and laches as affirmative defenses. In his renewed motion for summary judgment, Orator argued that res judicata barred the action because the claims in the 2012 action were presented to the court in the 1996 action. Orator further alleged that laches applied because Gregor was aware of the transfer of assets no later than January 2003, but Gregor did not bring his claims within the four-year statute of limitations. Gregor submitted an affidavit in opposition to summary judgment. He claimed that until he received the accountings in 2011, he had not known that the Mary T. Woodward Trust had been terminated and that he was not a beneficiary of the Serena Woodward Trust or the El Bravo Trust.

The trial court entered an order granting summary judgment, agreeing that res judicata and laches barred the action. The court found that Gregor had already litigated the matter unsuccessfully in the 1996 case and was prohibited from proceeding on the same claims. The trial court further agreed that laches barred the action. The trial court dismissed the action, and Gregor appealed.

"Res judicata is a judicial doctrine used to bar parties from relitigating claims previously decided by a final adjudication on the merits." *W & W Lumber of Palm Beach, Inc. v. Town & Country Builders, Inc.*, 35 So. 3d 79, 82-83 (Fla. 4th DCA 2010).

> Res judicata bars relitigation of a claim decided in a prior final adjudication if the subsequent claim satisfies the following four elements: "1) identity in the thing sued for; 2) identity of the cause of action; 3) identity of persons and parties of the action; and 4) identity of the quality in the person for or against whom the claim is made."

*Id* at 83. (citation omitted). Identity of the cause of action depends on "whether the facts or evidence necessary to maintain the suit are the same in both actions." *Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1209 (Fla. 4th DCA 2005) (emphasis omitted) (citation omitted).

The trial court erred in finding that res judicata barred the 2012 action. Because the facts and events that gave rise to the 2012 action are different from the 1996 action, identity of the cause of action is not present, and res judicata does not apply. *See id.* In the 1996 action, Gregor alleged that Orator failed to make an accounting since the trust's inception,

improperly mortgaged real property in the trust, and improperly used the trust to pay education expenses. In contrast, in the 2012 action, Gregor alleged that Orator removed all of the assets from the Mary T. Woodward Trust and assigned the assets to the El Bravo Trust and the Serena Woodward Trust, of which he was not a beneficiary.

In addition, Gregor could not have raised his claim for breach of fiduciary duty for removing all of the assets from the Mary T. Woodward Trust in the 1996 action. The removal of the assets from the Mary T. Woodward Trust did not occur until 2002, years after Gregor filed his complaint in the 1996 action. "The doctrine of res judicata . . . is not applicable where the claims in the two cases concern different periods of time." *M.C.G. v. Hillsborough Cnty. Sch. Bd.*, 927 So. 2d 224, 227 (Fla. 2d DCA 2006). *See also Parker v. State Bd. of Educ. ex rel. Fla. State Univ.*, 865 So. 2d 559, 560 (Fla. 1st DCA 2003); *Inter-Active Servs., Inc. v. Heathrow Master Ass'n*, 809 So. 2d 900, 902-03 (Fla. 5th DCA 2002).

The trial court also erred in finding that laches barred the action. Section 95.11(6), Florida Statutes (2012), provides that "[l]aches shall bar any action unless it is commenced within the time provided for legal actions concerning the same subject matter . . . ." "[B]reach of fiduciary duty is an intentional tort subject to a four-year statute of limitations." *Patten v. Winderman*, 965 So. 2d 1222, 1224 n.1 (Fla. 4th DCA 2007) (citing § 95.11(3)(o), Fla. Stat. (2006); *Berg v. Wagner*, 935 So. 2d 100, 102 (Fla. 4th DCA 2006)).

The four-year statute of limitations does not begin to run until a beneficiary receives an adequate trust disclosure document issued by the trustee. § 736.1008(1)(a), Fla. Stat. (2012). When a matter is adequately disclosed in a trust disclosure document, a beneficiary must bring an action against a trustee for breach of trust within six months after receipt. § 736.1008(2), Fla. Stat. (2012). If a matter is not adequately disclosed, the statute of limitations begins to run on the date of receipt of the final trust accounting and notice of the availability of the trust records for examination. § 736.1008(1)(b), Fla. Stat. (2012). When a matter is not adequately disclosed, and a trustee has not issued a final trust accounting, a claim against the trustee for breach of trust does not begin to accrue until the beneficiary has actual knowledge of the "facts upon which the claim is based if such actual knowledge is established by clear and convincing evidence." § 736.1008(3), Fla. Stat. (2012).

In the instant case, Orator terminated the Mary T. Woodward Trust in 2002 but did not provide an accounting to Gregor until October 11, 2011. Thus, pursuant to section 736.1008(1)(a), the statute of limitations did not

4

begin to run until October 11, 2011. In addition, the limitations notice contained in the accounting advised Gregor that he had six months to bring a cause of action. Gregor timely commenced his action within this timeframe, in accordance with section 736.1008(2).[1]

Orator argues that it was undisputed that Gregor was aware of the transfer no later than early January 2003. In order to find that laches barred the action on this ground, the trial court would have needed to find "clear and convincing evidence" that Gregor knew more than four years before he filed the 2012 action that Orator had terminated the Mary T. Woodward Trust and had placed the assets into two new trusts of which Gregor was not a beneficiary. *See* § 736.1008(3), Fla. Stat. Notwithstanding the evidence that Gregor was aware of the transfer, determining whether evidence meets the clear and convincing standard "necessitates the weighing of facts and the credibility of witnesses, which is impermissible on summary judgment." *State, Dep't of Highway Safety & Motor Vehicles v. Fraser*, 673 So. 2d 570, 571 (Fla. 4th DCA 1996); *see also Nayee v. Nayee*, 705 So. 2d 961 (Fla. 5th DCA 1998). Moreover, there was no evidence that Gregor was aware that he was not a beneficiary of the two new trusts in 2003. In fact, Gregor's affidavit in opposition to the motion for summary judgment stated that, until he received the accountings in 2011, he did not know he was not a beneficiary of the two new trusts.

In sum, we find that neither res judicata nor laches barred the 2012 action. As such, we reverse and remand for further proceedings.

*Reversed and remanded for further proceedings.*

STEVENSON and GERBER, JJ., concur.

*　　　*　　　*

---

[1] We reject Orator's argument that a prior version of the statute, codified in section 737.307, applies. We find section 736.1008 applies because the events giving rise to the instant action occurred when Orator served Gregor with accountings in 2011, which is after the July 1, 2007 effective date of the statute. *See* § 736.1008(7), Fla. Stat. (2012). Even applying the prior version of the statute, the result would be the same. Section 737.307, like section 736.1008, requires that a proceeding be brought within six months after receipt of the accounting document. In addition, section 737.307 provides that the four-year statute of limitations for breach of trust applies only if a trustee "has issued a final account or statement received by the beneficiary and has informed the beneficiary of the location and availability of records for his examination." This did not occur in the instant case.

*Not final until disposition of timely filed motion for rehearing.*