Lorence WOODWARD, Appellant,

v.

Orator E. WOODWARD, individually and as Trustee of the Mary T. Woodward Trust of 1972, Serena Woodward Trust of 2002, and the El Bravo Trust of 2002, Appellee.

No. 4D15–2737.

District Court of Appeal of Florida, Fourth District.

Nov. 30, 2016.

See also 192 So.3d 528.

Jeffrey H. Skatoff and Anya Van Veen of Clark Skatoff PA, Palm Beach Gardens, for appellant.

David L. Gorman of David L. Gorman, P.A., North Palm Beach, for appellee.

PER CURIAM.

This case involves the trial court's grant of Appellee Orator Woodward's ("Trustee") motion for summary judgment. The trial court held that both res judicata and laches barred the action brought by Appellant Lorence Woodward ("Beneficiary"). Because neither of these grounds apply in this case, we reverse and remand for further proceedings.

A detailed analysis as to why neither res judicata nor laches applies is unnecessary. This Court has recently considered a case brought by Beneficiary's brother against Trustee based on the same conduct raised here by Beneficiary. *See Woodward v. Woodward*, 192 So.3d 528 (Fla. 4th DCA 2016). Although there are minor differences in the claims brought by the brother in *Woodward* and Beneficiary here, the conclusion that, "[b]ecause the facts and events that gave rise to the 2012 action are different from the 1996 action, identity of the cause of action is not pres-ent, and res judicata does not apply," is similarly supported in the instant case. *Id.* at 531. Similarly, laches is inapplicable because the statute of limitations did not begin to run until after the Trustee provided the 2011 accounting to Beneficiary. *See id.* at 531–32. Even to the extent that Beneficiary may have been aware of the transfer of assets before that date, such a determination requires "clear and convincing evidence" and is therefore inappropriate to make at the summary judgment stage. *Id.* at 532.

Because this case is indistinguishable from our earlier *Woodward* opinion on any meaningful grounds, we reverse and remand for the reasons set forth above and described more fully in that earlier opinion.

*Reversed and remanded for further proceedings.*

CIKLIN, C.J., TAYLOR and FORST, JJ., concur.