[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11478
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-60532-JEM


MICHAEL D. ARRINGTON,

                                                      Plaintiff-Appellant,

versus

HARRY M. HAUSMAN,
AMY KIRSCHNER HYMAN,
LOUIS JERRY COHN,

                                                      Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 9, 2019)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Michael D. Arrington, proceeding pro se, appeals the district court's dismissal of his complaint for failure to state a claim, as well as its denial of his amended motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  Arrington contends the district court erred both by construing his claim for breach of fiduciary duty as a professional-negligence claim and by concluding that his various claims were barred by the statutes of limitations.  He further contends the district court abused its discretion by not granting his amended motion to alter or amend the judgment based on his assertion that the district court manifestly erred and disregarded the law in dismissing his complaint.  After review, we affirm.

## I.  DISCUSSION

*A.  Dismissal*[1]

As an initial matter, we need not decide whether the district court correctly construed Arrington's claim for breach of fiduciary duty against Appellee Harry M. Hausman as a claim for professional malpractice, because the claim would be time-barred in any event.  According to the complaint, Hausman's last tortious act was committed in 2003, when he failed to return Arrington's calls.  Thus, even if we were to assume Arrington properly asserted a claim for breach of fiduciary

---

[1] We review de novo a district court's dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  Likewise, we review de novo the district court's interpretation and application of statutes of limitations. *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006).

2

duty, the four-year statute of limitations applicable to that claim would have expired by 2007—long before Arrington filed his complaint. *See Woodward v. Woodward*, 192 So. 3d 528, 531 (Fla. 4th DCA 2016) ("Breach of fiduciary duty is an intentional tort subject to a four-year statute of limitations." (quotation and alteration omitted)).

Arrington seeks to avoid the consequences of his untimely complaint by asserting a variety of theories as to why his claims either should not have accrued until later or were otherwise saved by tolling principles. He first contends his claims should not have accrued until after the state probate court issued its March 2012 order awarding attorney's fees. *See Silvestrone v. Edell*, 721 So. 2d 1173, 1175–76 (Fla. 1998) (holding that the two-year statute of limitations for a professional-malpractice claim does not begin running until the judgment in the underlying action becomes final). Yet the order awarding attorney's fees was collateral to the underlying judgment in the probate proceedings. *See Larson & Larson, P.A. v. TSE Industries*, Inc., 22 So. 3d 36, 47 (Fla. 2009) ("[S]anctions such as attorney fees are collateral to the underlying judgment and do not prevent judgment in the underlying action from becoming final."). Arrington provides no explanation as to how a collateral order in the probate proceedings could have

3

prevented his various claims against Hausman from accruing until 2012—much less his claims against Appellees who did not represent him in those proceedings.[2]

Arrington next contends his claims were saved by: (1) equitable tolling; (2) the delayed-discovery doctrine; (3) fraudulent concealment; and (4) the continuing-tort doctrine. None applies.

With respect to equitable tolling, Arrington waived that argument by not first asserting it properly before the district court. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered in this court." (quotation omitted)). Moreover, Arrington—by 2003 at the latest—was aware of the key facts underlying his claims against Appellees. Indeed, Arrington attached to his complaint a letter he sent in June 2003, in which he explained to a state-court judge his belief that Appellees Hausman and Kirschner had wrongfully prevented him from accessing his son's trust account. Arrington thus cannot contend either that his claims against Appellees were successfully concealed from him or that he could not have discovered the basis of his claims with reasonable diligence. Consequently, he cannot establish the necessary factual predicate for applying equitable tolling, the

---

[2] Appellee Amy Kirschner raises additional arguments as to why Arrington's claims fail as a matter of law. Because we conclude Arrington's claims are time-barred, we need not address the extent to which his claims fail for other reasons.

delayed-discovery doctrine, or fraudulent concealment.  *See Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) ("Equitable tolling is appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence." (quotation omitted)); *Raie v. Cheminaova, Inc.*, 336 F.3d 1278, 1280 (11th Cir. 2003) ("The delayed discovery doctrine generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." (quotation omitted)); *Jones v. Childers*, 18 F.3d 899, 909 (11th Cir. 1994) ("Before the equitable principle of fraudulent concealment will be utilized to toll the statute of limitations, . . . plaintiff must show both successful concealment of the cause of action and fraudulent means to achieve that concealment." (quotation omitted)).

Arrington's invocation of the continuing-tort doctrine is similarly meritless. Although Arrington alleges Appellees committed several tortious acts in preventing him from accessing his son's trust fund, Appellees' last allegedly tortious *act* occurred in 2003.  The difficulties Arrington later faced in locating or withdrawing the funds were, at most, continual harmful effects of Appellees' previous tortious conduct.  *See Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1042 (11th Cir. 2014) ("A continuing tort is established by continual tortious *acts*, not by continual harmful effects from an original, completed act."

(quotation omitted)).  The district court therefore did not err by dismissing Arrington's complaint as time-barred.

B.  *Motion to Alter or Amend the Judgment*[3]

Because we conclude the district court did not err by dismissing Arrington's complaint as time-barred, we also reject Arrington's contention that the district court abused its discretion by not altering or amending its judgment of dismissal based on Arrington's assertion of error.

## II.  CONCLUSION

The district court did not err by dismissing Arrington's complaint as time-barred.  Thus, it did not abuse its discretion by denying Arrington's subsequent motion to alter or amend its judgment of dismissal.

**AFFIRMED.**

---

[3] We review for abuse of discretion the denial of a motion brought under Rule 59. *Lambert v. Fulton Cty., Ga.*, 253 F.3d 588, 598 (11th Cir. 2001).