# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1169
Lower Tribunal No. 21-420

_____

**Carlos H. Dobal,**
Appellant,

vs.

**Villas at South Beach Condominium Association, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Shook, Hardy & Bacon L.L.P., and Sergio E. Pagliery and Gabriel M. Franca, for appellant.

Bogen Law Group, P.A., and Kyle A. Mixson and Michael D. Bogen (Coral Springs), for appellees Andrew Wharton, Jeanne Carpenter, and Darren Cefalu.

Before LOGUE, C.J., and LINDSEY and LOBREE, JJ.

LOGUE, C.J.

Carlos H. Dobal is an owner of a condominium at the Villas at South Beach Condominium. He sued the condominium association under various theories. Pertinent to this appeal, he also sued three of its board members,

Jeanne Carpenter, Darren Cefalu, Andrew Wharton, for breach of their fiduciary duty to him as a unit owner. The trial court dismissed Dobal's lawsuit against the Board Members based on statutory immunity. The issue before us is whether Dobal's complaint pled facts sufficient to overcome the Board Members' immunity. We hold that it did and reverse.

## Background

When ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe all reasonable inferences in favor of the pleader. Williams Island Ventures, LLC v. de la Mora, 246 So. 3d 471, 475 (Fla. 3d DCA 2018). The following facts were alleged by Dobal in his complaint.

Dobal once served on the board of the condominium. During his time on the board, several unit owners including himself complained to the board about water leaks in their units. The board hired an engineer who determined the leaks were the result of the roof deteriorating from age. Dobal advocated for a special assessment that would repair the roof. Reacting to the cost of the special assessment, the three Board Members ran a successful campaign to be elected to the board and thereby remove Dobal.

As alleged in the complaint, after Dobal was removed from the board, the Board Members continued to target him. They "made it their mission to

punish [ ] Dobal for making public the fact that the roofing systems at the [c]ondominium were old and had to be replaced and for proposing a special assessment to be paid by the unit owners, including Carpenter, Cefalu, and Wharton." The Board Members hired a second engineer to inspect the roof who came to the same conclusion as the first engineer: that the roof needed to be repaired due to age. Nevertheless, the Board Members instructed the engineer to change his conclusion and instead report that the leaks in Dobal's unit were not a result of a problem with the roof.

When Dobal attempted to fix the roof himself, the complaint further alleges, the Board Members threatened to sue Dobal if he took any steps to repair his roof or mitigate his damages. They did this even though they repaired the roof leaks in other units. As a result of the ongoing leaks, lasting for several years, Dobal's unit suffered near constant water intrusion. His unit sustained warped drywall and mold. The Board Members took these actions, according to the complaint, "willfully, intentionally, and in bad faith … and wanted to cause as much damage as possible to [ ] Dobal" to retaliate against him for identifying the problem in the roof and proposing the special assessment.

The Board Members filed a joint motion to dismiss, arguing that Dobal failed to allege facts sufficient to overcome their immunity from personal

liability. The trial court agreed and dismissed the breach of fiduciary duty claim with prejudice. This appeal timely followed.

## Analysis

Dobal argues that he alleged facts sufficient to overcome the Board Members' personal immunity. We agree. Section 718.111(1)(d) establishes immunity from suit for board members of condominiums but creates three exceptions. It reads:

> An officer, director, or agent shall be liable for monetary damages as provided in s. 617.0834 if such officer, director, or agent breached or failed to perform his or her duties and the breach of, or failure to perform, his or her duties [1] constitutes a violation of criminal law as provided in s. 617.0834; [2] constitutes a transaction from which the officer or director derived an improper personal benefit, either directly or indirectly; or [3] constitutes recklessness or an act or omission that was in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

§ 718.111(1)(d), Fla. Stat.

We agree with the trial court that Dobal's complaint fails to make allegations sufficient to satisfy the first two exceptions to immunity for violations of criminal law or transactions providing an improper personal benefit. The trial court, however, does not appear to have taken into account the third exception for immunity, namely a board member's "recklessness or [ ] act or omission that was in bad faith, with malicious purpose, or in a

4

manner exhibiting wanton and willful disregard of human rights, safety, or property." § 718.111(1)(d), Fla. Stat.

A jury could find that the Board Members' alleged actions taken for the alleged purpose of retaliating against Dobal for identifying a problem and advocating for a special assessment, if proven, are sufficient to meet the requirements of the third exception to immunity. Berg v. Wagner, 935 So. 2d 100, 102 (Fla. 4th DCA 2006) (allegations "that the directors deliberately abdicated their responsibilities … and that such actions were taken in bad faith and with a malicious purpose [ ] are adequate to avoid the immunity …"). Cf. Sonny Boy, LLC v. Asnani, 879 So. 2d 25 (Fla. 5th DCA 2004) (simply failing to conduct maintenance and repairs on a condominium's common element amounts to the mere negligence of the board members and such inaction does not except immunity from suit).

In so ruling, of course, we make no comment on the truth or falsity of Dobal's allegations against the Board Members. We also recognize the problem of allowing lawsuits against condominium association board members, who are often volunteers contributing their time and talent to their community to address the vexing problems of administrating a condominium building. However, the legislature explicitly carved out an exception for the type of conduct alleged here.

5

Accordingly, we reverse the trial court's order and remand for proceedings consistent with this opinion.